[Crim. No. 32437. Second Dist., Div. One. Aug. 29, 1978.]

In re JON D., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JON D., Defendant and Appellant.

**COUNSEL**

Robert L. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Frederick R. Millar, Jr., Norman H. Sokolow and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THOMPSON, J.**—A petition was filed to declare Jon D. a ward of the juvenile court because he had: (1) violated Vehicle Code section 23102 by driving while intoxicated; and (2) resisted arrest. The petition was amended to add a third count alleging reckless driving in violation of Vehicle Code section 23103.

The juvenile judge fully and completely recited the *Tahl* incantation, and the minor duly waived each *Tahl* right as it was recited. While the *Tahl* admonition included the statement of the possibility that Jon D. might be committed to camp or to the Youth Authority for a maximum period of 90 days, the juvenile court judge did not mention the possibility of a fine.

With the concurrence of his trial counsel, Jon D. admitted the allegations of the added third count charging reckless driving. The other charges were dismissed. The juvenile court judge stated his intention to declare Jon D. a ward of the court while placing him on probation

conditioned in part upon a 10-week camp program. After again consulting with his counsel, Jon D. rejected any probation conditioned in part upon a camp placement. The juvenile court judge then entered his disposition order declaring Jon D. a ward of the court, committing him to camp for the 90-day maximum period provided by Vehicle Code section 23103, and imposing the $250 maximum fine provided in that statute.

■ In this appeal, Jon D. attacks only that portion of the order which imposes the fine. He contends: (1) the juvenile court's advice of the consequences of an admission of the charge was inadequate for failing to recite that a fine was a possible direct consequence of the admission as required by *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 516]; and (2) a juvenile court lacks power to impose a fine in a proceeding adjudicating wardship.

We conclude that, because the statutory scheme reciting the permissible alternatives available to the juvenile court in ordering the treatment of a minor which it has declared its ward for commission of a criminal offense does not include the power to levy a fine, that portion of the court's order which imposes a fine must be stricken. We therefore do not reach Jon D.'s claim of *Yurko* error.

We note at the outset that the Attorney General's brief does not address Jon D.'s contention that the juvenile court exceeded its statutory authority in imposing the fine. Rather than accepting the omission as a concession, we have analyzed the governing statutory scheme.

The juvenile court is authorized by Welfare and Institutions Code section 258 to impose a fine not exceeding $50 where the minor has ·committed a traffic offense but only in a proceeding conducted pursuant to section 257 of that code rather than by the petition for wardship route provided in section 650 et seq. Here the petition sought a declaration of wardship pursuant to Welfare and Institutions Code section 650. We hence search for a corresponding provision applicable to such a proceeding.

We have not found such a provision. Welfare and Institutions Code section 725 permits the juvenile court to declare a minor its ward if he is a person described in section 602, i.e., one who has committed a crime. Section 726 authorizes the court, after a declaration of wardship, to limit the control exercised over the ward by his parent or guardian, to remove the minor from his parent's or guardian's custody, and to provide for the

ward's physical confinement for a period not in excess of the term that could be served by an adult for the crime. Section 730 authorizes the juvenile court which has sustained a section 602 petition to place the minor on probation "and as an additional alternative" to commit him to "a juvenile home, ranch, camp or forestry camp." If the minor is placed under the supervision of the probation officer, the court may make "all reasonable orders for the conduct of such ward including the requirement that he go to work and earn money for the support of his dependents or to effect reparation . . . ." (Welf. & Inst. Code, § 730.) Section 731 authorizes the additional requirements of restitution by the ward or his participation in an uncompensated work program.

In short, the statutory scheme provides for fines to be levied upon a minor when proceedings which do not involve the possibility of a declaration of wardship are conducted upon the charge of a traffic offense. It provides for a number of financial consequences including reparations as a condition of probation, restitution, and uncompensated work where wardship is imposed. But the statutory scheme does not authorize the juvenile court to impose a fine where a minor is adjudicated a ward and confined without probation.[1]

We thus conclude that the juvenile court lacked power to impose the fine upon Jon D.

The order of the juvenile court is modified to strike from it the words: "Minor is ordered to pay a fine of $250." The order is affirmed as modified.

Lillie, Acting P. J., and Hanson, J., concurred.

---

[1] Because no probationary order is here involved, we do not reach the issue of the power of the juvenile court to impose a fine as a condition of probation.