[No. F010833. Fifth Dist. July 18, 1989.]

In re DONNELL L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DONNELL L., Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and III.

COUNSEL

John P. Hannon II, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, W. Scott Thorpe and Shirley A. Nelson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MARTIN, Acting P. J.—On November 18, 1987, petition No. 50092 was filed in the Fresno County Superior Court, sitting as juvenile court, which alleged that appellant Donnell L. was a person coming within section 602 of the Welfare and Institutions Code[1] for committing a burglary in violation of Penal Code section 459 (count I), receiving stolen property in violation of Penal Code section 496, subdivision 1 (count II), and a violation of probation within the meaning of section 777 (count III).

On December 1, 1987, a second petition, No. 50092, later designated as No. 50092-A, was filed charging appellant with a separate count of burglary and another count of violation of probation. Appellant was arraigned on the same date, denied the allegations and was ordered detained pending his jurisdictional hearing.

On December 16, 1987, a jurisdictional hearing was held on both petitions, at which time the burglary charged in the second (A) petition was found to be true, and the first petition and the violation of probation charged in the second petition were dismissed. Appellant was ordered detained pending disposition.

On January 6, 1988, a third section 602 petition, No. 50092-B, was filed against appellant charging him with two felony counts of assault on a custodial officer in violation of Penal Code section 241.1.

On January 14, 1988, the dispositional hearing was held on the second petition, at which time appellant was admitted to probation, removed from the custody of his mother, and detained pending suitable placement. On January 15, 1988, appellant was placed in the Savoy Group Home at Santa Barbara, California.

The third petition was ultimately dismissed.

A fourth petition, No. SM8083, was filed against appellant in the Santa Barbara County Superior Court on April 27, 1988, which alleged appellant violated Penal Code section 496, subdivision 1.

Appellant was arraigned on this petition on April 28, 1988, and a detention hearing was held on May 3, 1988, at which time appellant was ordered detained pending his jurisdictional hearing.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

On May 4, 1988, appellant entered a plea of nolo contendere to the allegations of the fourth petition, and the offense charged therein was deemed to be a misdemeanor. The matter was transferred to the Fresno County Superior Court.

On May 6, 1988, a fifth petition was filed in Fresno County in case No. 50092 alleging that appellant's previous dispositional order of the court had been ineffective in appellant's rehabilitation.

On May 10, 1988, appellant was arraigned on the fifth petition. He denied the allegations of that petition and was ordered detained until his jurisdictional hearing. On the same date, Fresno County accepted the transfer of the case which originated in Santa Barbara County.

On May 16, 1988, the fifth petition was amended to allege several acts of misconduct committed by appellant while residing in the Savoy Group Home, and on May 23, 1988, appellant was arraigned on the amended petition and denied these allegations.

On June 7, the jurisdictional hearing on the fifth petition was held, at which time the allegations of that petition as amended again at the hearing were found to be true.

On June 21, 1988, a disposition hearing was held, at which time appellant was committed to the California Youth Authority (CYA).

The minor filed a timely notice of appeal from the dispositional order of June 21, 1988.

## FACTS

This appeal arises from the disposition made by the trial court regarding a violation of Penal Code section 496, subdivision 1 by the appellant which was found to be true. In addition, the appellant had previously been incarcerated for a violation of Penal Code section 459. The dispositional hearing on June 21, 1988, involved a disposition of both charges.

The record does not contain a description of the facts and circumstances surrounding the burglary charged in the second petition. As to the offense which triggered the present commitment of the minor to CYA, the following summarization appears in the probation officer's report: "Santa Barbara County Sheriff's Department Report #88-0006685 indicates that on April 26, 1988, the reporting officer was dispatched to Orcutt Junior High School, where he was met by Ralph Tilton, Principal of the school, and John Savoy,

foster parent to the minor. It was at this time that the officer was advised that the minor was suspected of being involved in thefts at the school. Mr. Tilton stated that he became aware that the minor had in his possession property that belonged to another student. After questioning Donnell, it was clear to Mr. Tilton that it was the property that was stolen from the school a few weeks past.

"Mr. Savoy stated that he had found the minor in possession of a watch and a wallet and after carefully inspecting them, he identified them as property belonging to Drew Voit. Mr. Savoy then notified Ralph Tilton of this information, who subsequently contacted Mr. Voit who came and made a positive identification of the property.

"Donnell was arrested and booked into Santa Barbara County Juvenile Hall. During the booking proceedings, Donnell informed the officer that he did not steal the wallet or the watch. Donnell was then Mirandized, and after having waived his rights, he further stated that a student by the name of Mark took Voit's property and gave it to him. According to Donnell, 'Mark' was a classmate who was enrolled in the special education class at Orcutt. On April 27, 1988, the arresting officer contacted Mr. Tilton, and a check was made of the school records by his requests. According to Mr. Tilton, there was no student by the name of 'Mark' in the Special Education Program at Orcutt Junior High School.

"On June 7, 1988, the minor was found to be in violation of a court order as a result of his own admission of the above offense, PC 496.1, receiving stolen property."

DISCUSSION

I.  BOYKIN-TAHL*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

II.  LEVEL OF CONFINEMENT

■    Appellant next contends that reversible error occurred when the trial court committed appellant to a greater level of confinement than was requested in the supplemental petition filed on May 16, 1988. This petition sought that appellant be committed to "a county institution" referred to as "A.T.C." Despite the recommendation, the trial court imposed a commit-

---

*See footnote, *ante*, page 185.

ment to CYA. It is appellant's position that the trial court erred in imposing a greater level of commitment than demanded in the petition.

Section 777 provides, in pertinent part: "An order changing or modifying a previous order by removing a minor from the physical custody of a parent, guardian, relative or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, or an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition. [¶] (a) The supplemental petition shall be filed . . . [¶] (2) [b]y the prosecuting attorney at the request of the probation officer if a minor has been declared a ward or probationer under Section 602 in the original matter and the petition alleges a violation of a condition of probation amounting to a crime. The petition shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor."

The primary purpose of a section 777 petition "is to substitute a more restrictive level of placement on remaining unserved time." (*In re Ronald W.* (1985) 175 Cal.App.3d 199, 203 [220 Cal.Rptr. 557].) A petition filed pursuant to section 777 is required to move a minor from a foster home or juvenile hall to CYA. A modification of a previous order which commits a minor to CYA results in a greater intrusion on the minor's liberty. (*In re Geronimo M.* (1985) 166 Cal.App.3d 573, 584 [212 Cal.Rptr. 532].) To effect a change in custody pursuant to said section, the minor must be afforded notice of the intended change and the petition must contain a concise statement of facts in support of the conclusion the minor's previous placement has been rehabilitatively ineffective. (*In re Michael B.* (1980) 28 Cal.3d 548, 552 [169 Cal.Rptr. 723, 620 P.2d 173]; *In re Martin L.* (1986) 187 Cal.App.3d 534, 542 [232 Cal.Rptr. 43].)[3] ■ Before the previous dispositional order may be modified, the court must make an express finding the previous order in fact was ineffective in terms of rehabilitation. (*In re Michael B., supra,* 28 Cal.3d 548, 552-553; *In re Geronimo M., supra,* 166 Cal.App.3d 573, 584.)

■ Respondent submits that appellant's commitment to CYA was entirely proper on three bases: (1) At the dispositional hearing, appellant

---

[3] Appellant relies, inter alia, on *In re Gabriel O.* (Cal.App.) F009574, which was ordered depublished on January 19, 1989.

appeared before the court on the section 777 petition filed and amended in May plus the section 602 petition transferred from Santa Barbara County. According to this argument, the section 777 petition alone did not control the dispositional decision in this case. (2) Despite the indication of county placement to be sought by the section 777 petition, appellant had actual notice at the jurisdictional hearing on the section 777 petition that a CYA commitment was a dispositional alternative open to the juvenile court. (3) The probation report prepared for the dispositional hearing on both the section 777 and section 602 petitions recommended commitment to CYA. Appellant thus had notice of this recommendation and the opportunity to respond to it at the dispositional hearing. At that hearing, on June 21, 1988, his own attorney acknowledged the CYA recommendation and recognized the probability of a CYA commitment stating, ". . . I know that the recommendation is likely to be followed for the Youth Authority commitment. . . . I don't know, myself, of any facility that would be available for him locally." In sum, respondent submits that appellant had proper notice that a CYA commitment was among the placement choices available to the juvenile court at disposition.[4]

Respondent has cited no authority, and we have found none, to support the proposition that actual notice is sufficient when the petition fails to state a more restrictive level of placement is being sought.

In the case of *In re Martin L., supra,* 187 Cal.App.3d 542, the petition informed the minor that the prosecution would seek a change in the disposition but not a more restrictive level of custody. The court held a change in disposition did not necessarily mean a more restrictive placement, thus, the juvenile court properly refused to sustain the petition pursuant to section 777 governing removal of the minor from physical custody of parent or guardian. The basis for this decision was that where prior offenses are to be considered to aggregate the maximum term to extend it beyond that which could be imposed for the new offense in a section 602 petition, due process requires notice of the juvenile court's intention in order to provide the minor with a meaningful opportunity to rebut any derogatory material within its prior record. The following quote was cited with approval by our Supreme Court in *In re Michael B., supra,* 28 Cal.3d 548, 553, when it stated: ". . . [I]t is 'clear that the proposers of section 777 did not contemplate that that section must, necessarily, be utilized in cases . . . where a different and more onerous disposition is to be based on a new criminal offense.' (*In re John G.* [(1977)] 72 Cal.App.3d 242, 245 [139 Cal.Rptr.

---

[4]Indeed, at the May 6, 1988, detention hearing, the prosecutor specificaliy mentioned the possibility of the minor being committed to CYA if the allegations were found to be true.

849].)" ■ But the *Michael B.* court concluded that a petition under section 602 must contain notice of the intent to rely upon previously sustained petitions under section 602, in order to aggregate the maximum period of confinement on the basis of those petitions. Absent the filing of a petition containing such notice, the court is limited to the maximum period of confinement of the new offense(s) set forth in the section 602 petition. (*Id.* at p. 554.) The court goes on to state: "So long as the minor is given the requisite *notice* of the intent to rely upon the minor's prior offense or offenses or upon the ineffectiveness of prior dispositions in order to enhance the maximum period of YA commitment for the current offense, the issues may be presented in a single unitary petition which contains the requisite allegations, and may be disposed of in the course of a single proceeding otherwise conforming to law. . . . [¶] The filing of a unitary petition satisfies the essential demands of due process." (*Ibid.*)

This court in the case of *In re Geronimo M., supra,* 166 Cal.App.3d 573, held that a petition pursuant to section 777 must contain a statement of facts demonstrating the need for a CYA placement and that the petition could be sustained only after notice and hearing. (*Id.* at p. 584.)

■ It appears that section 777 requires written notice and the People should conscientiously comply with these requirements. However, the purpose of the requirement of notice as prescribed in section 777 is to protect the minor's constitutional right to due process, i.e., notice and opportunity to be heard. Under the peculiar facts of the instant case, we may conclude appellant as well as appellant's attorney had actual notice, were adequately apprised of the prosecution's intent to recommend a greater level of confinement and had sufficient opportunity to respond to the prosecution's recommendation of commitment to CYA. Indeed, appellant's counsel did respond to the recommendation. Therefore, we cannot conceive of how this process utilized in the instant case prejudiced appellant. Therefore, we find that no reversible error occurred in this regard.

### III. INTENT TO AGGREGATE TERMS*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

---

* See footnote, *ante,* page 185.

The judgment is affirmed.

Ardaiz, J., and Brown (G. A.), J.,* concurred.

---

* Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.