[No. B154305. Second Dist., Div. Six. Oct. 24, 2002.]

In re BRIAN K., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
BRIAN K., Defendant and Appellant.

**COUNSEL**

Janet Vining Mitchell, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Theresa A. Cochrane and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, P. J.**—In a notice filed pursuant to Welfare and Institutions Code section 777, the juvenile court found that the minor Brian K. violated his probation and it imposed a $150 fine.[1] We conclude, among other things, that section 777 by itself does not authorize the imposition of fines. But the court does have authority to impose fines in a section 777 proceeding pursuant to other statutory provisions. We strike the $150 fine and remand.

## FACTS

The district attorney filed a section 602 petition alleging that Brian K., a minor, committed misdemeanor petty theft. (Pen. Code, § 484, subd. (a).) Brian K. admitted the allegations of the petition. The juvenile court placed him on probation without wardship for a period not to exceed six months and ordered him to pay a $50 restitution fine.

---

[1]Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code. A section 777 notice was once called a "Supplemental Petition." Pursuant to amendment (Prop. 21, approved Mar. 7, 2000), it is now called a "Notice of Hearing."

Section 777 provides in part: "An order changing or modifying a previous order by removing a minor from the physical custody of a parent, guardian, relative, or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, or an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after a noticed hearing."

Pursuant to rule 1433(c) of the California Rules of Court, a Notice of Hearing under section 777 shall contain the following:

"(1) The name of the child; [¶] (2) The date, time, and place of the hearing; [¶] (3) The purpose and scope of the hearing; [¶] (4) A statement of the right of the child to be represented by counsel at the hearing and, if applicable, of the right to appoint counsel; and [¶] (5) A concise statement of the facts in support of the allegation."

Thereafter, the district attorney filed a section 777 notice alleging that Brian K. violated probation by being truant from school, possessing a marijuana pipe and using marijuana. Brian K. admitted the allegations. The juvenile court declared Brian K. a ward of the court under the supervision of the probation officer and permitted him to reside with his mother.

At the hearing, the court stated it also would impose a fine. The fine was not mentioned in the district attorney's notice. Brian K.'s counsel objected on the ground there is no express statutory authority for a fine. The court accepted the district attorney's position that it had inherent or implied authority to impose fines in section 777 proceedings and needed no express authority. The court imposed a fine in the amount of $150 and stated: "Section 777 deals with the consequences to be imposed when the Court finds that a minor has violated the terms of his or her probation. It specifically allows the Court to impose greater penalties on the minor by removal from the home . . . and placement in custody . . . . [¶] It would be inappropriate . . . for the Court to determine that the only consequences available for violations of probation are removal . . . . It would be equally inappropriate for the Court to take the position that it has no power to impose any lesser consequence than removal for a probation violation."

## DISCUSSION

### I. *Due Process Notice*

Brian K. contends that the $150 fine was not mentioned in the section 777 notice and therefore the court violated his right to due process. The Attorney General concedes that the request for a fine was not in the notice. But he correctly notes that the court gave the parties the opportunity to argue and subsequently brief the issue of the court's authority to impose a fine. Brian K. took advantage of that opportunity. But he did not raise a due process objection at either the section 777 proceeding or in his supplemental trial brief. His only objection to the fine was that there was no statutory authority to impose one. Because Brian K. did not raise a due process objection in the trial court, he may not raise it for the first time on appeal. (*People v. Marshall* (1990) 50 Cal.3d 907, 931 [269 Cal.Rptr. 269, 790 P.2d 676]; *People v. Lewis* (1983) 147 Cal.App.3d 1135, 1140 [195 Cal.Rptr. 728].)

Moreover, the essence of due process is actual notice and a "meaningful opportunity" to be heard. (*In re Donnell L.* (1989) 212 Cal.App.3d 185, 191-192 [260 Cal.Rptr. 396].) The court provided Brian K. a full opportunity to raise any challenges to the fine. He had actual notice of the court's intent

to impose one. The court did not deny him the opportunity to be heard, and he has not shown how its actions prejudicially impacted his procedural rights. (*Ibid.*)

## II. *Authority to Impose Fines in Section 777 Proceedings*

The Attorney General and Brian K. agree that the Legislature did not expressly mention a fine in section 777. The Attorney General contends, however, that the authority for imposing a fine in a section 777 proceeding is in the broad language of section 730,[2] and in particular subdivision (b).

Section 730, subdivision (b) states, in part, that the "court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." Although this language is broad, appellate courts have held that it does not authorize the juvenile court to impose fines. (*In re Timothy E.* (1979) 99 Cal.App.3d 349, 354 [160 Cal.Rptr. 256]; *In re Jon D.* (1978) 84 Cal.App.3d 337 [148 Cal.Rptr. 677].) Nor does the language of section 777 support the court's rationale for imposing a fine.

" '[T]he objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] In determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction.' " (*People v. Gangemi* (1993) 13 Cal.App.4th 1790, 1795 [17 Cal.Rptr.2d 462].) " '[T]he most powerful safeguard for the courts' adherence to their constitutional role of construing, rather than writing, statutes is to rely on the statute's plain language.' " (*People v. Allen* (2001) 88 Cal.App.4th 986, 991 [106 Cal.Rptr.2d 253].)

Proceedings under section 777, however, are related to the original dispositional order that granted probation. Such proceedings, among other

---

[2]Section 730 provides in part: "(a) When a minor is adjudged a ward of the court on the ground that he or she is a person described by Section 602, the court may order any of the types of treatment referred to in Section 727, and as an additional alternative, may commit the minor to a juvenile home, ranch, camp, or forestry camp. If there is no county juvenile home, ranch, camp, or forestry camp within the county, the court may commit the minor to the county juvenile hall. [¶] (b) When a ward described in subdivision (a) is placed under the supervision of the probation officer or committed to the care, custody, and control of the probation officer, the court may make any and all reasonable orders for the conduct of the ward including the requirement that the ward go to work and earn money for the support of his or her dependents or to effect reparation and in either case that the ward keep an account of his or her earnings and report the same to the probation officer and apply these earnings as directed by the court. The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced."

things, allow the juvenile court to "change previous orders." (*In re Paul R.* (1996) 42 Cal.App.4th 1582, 1588 [50 Cal.Rptr.2d 421].) "Probation, when ordered for a minor, can assume many configurations and is but one aspect of the dispositional order . . . ." (*In re Antonio A.* (1990) 225 Cal.App.3d 700, 706 [275 Cal.Rptr. 482].) "A grant of juvenile probation is not revoked upon sustaining a supplemental petition; rather, the entire underlying order is subject to modification 'as the judge deems meet and proper.' (§ 775.)" (*Ibid.*) Section 775 states, "Any order made by the court in the case of any person subject to its jurisdiction may at any time be changed, modified or set aside . . . ."

 Therefore, even though section 777 does not expressly mention fines, juvenile courts in section 777 proceedings may impose them pursuant to other statutes that authorize them where the amount does not exceed the statutory maximum. (See *In re Paul R., supra,* 42 Cal.App.4th at pp. 1588-1590 [court in § 777 proceeding could impose a felony restitution fine under the express authority of § 730.6, subd. (b) as long as it did not exceed the $1,000 statutory maximum].)

Section 730.5 also authorizes fines when a minor is adjudged a ward of the court and a person described in section 602. Section 730.6 authorizes a restitution fine in every case in which the minor comes within section 602. Because section 775 allows for a modification of any order the court previously made, the court in a section 777 proceeding may modify the fines it originally imposed under appropriate sections. Or in certain cases, a fine may be permissible where a court properly exercises its power to punish a contempt of court. (§ 213; *In re Michael G.* (1988) 44 Cal.3d 283, 289, fn. 3 [243 Cal.Rptr. 224, 747 P.2d 1152].)

We reverse and remand so the trial court may exercise its discretion as it sees fit to impose a fine under appropriate statutory provisions. The order imposing the fine is stricken. In all other respects the order finding a violation of probation is affirmed.

Coffee, J., and Perren, J., concurred.

A petition for a rehearing was denied November 15, 2002, and appellant's petition for review by the Supreme Court was denied January 15, 2003.