[No. H035112. Sixth Dist. Sept. 29, 2010.]

In re SHAUN R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
SHAUN R., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of Discussion parts III., IV., V., and VI.

**COUNSEL**

Morgan C. Taylor for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Martin S. Kaye and Michael E. Banister, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**McADAMS, J.**—In the published portion of this opinion, we explore the effect of the phrases "all previous Orders of the Court not inconsistent with today's Orders remain in full force and effect," "[a]ll prior orders not in conflict remain in effect," and "[a]ll prior orders not in conflict with today's orders to remain in full force and effect" in a juvenile court disposition order on the question of the appealability of a previous juvenile court order. We conclude that such language does not revive a previous order that has become final and is nonappealable. It does not turn an otherwise nonappealable order into an appealable order.

Appellant Shaun R., a minor, challenges the imposition of several conditions of probation, five of which are gang related, in two Welfare and Institutions Code section 602 proceedings. After a contested jurisdictional hearing, the court sustained the allegations of the prosecution's fourth petition

involving the minor and found that the minor had committed the following offenses: attempted auto burglary (Pen. Code, §§ 664, 459, 460, subd. (b), a felony);[1] misdemeanor vandalism (§ 594, subds. (a), (b)(1)); and misdemeanor exhibiting a deadly weapon (§ 417, subd. (a)(1)).

At a disposition hearing in 2009, the court ordered the minor to remain in custody at juvenile hall, pending an opening at a designated group home, and imposed numerous conditions of probation, including conditions that prohibit the use of drugs or alcohol, association with gang members, and other gang-related activity.

On appeal, the minor challenges the 2009 disposition order and disposition orders issued in 2008 in another case. He contends that certain conditions of his probation are vague and overbroad because they (1) fail to give fair notice of their inconsistencies with probation conditions imposed in previous orders of probation; (2) do not contain a knowledge requirement; (3) do not define the terms "gang" and "gang-related"; (4) infringe on his right of free expression; and (5) are otherwise overbroad or vague. The Attorney General agrees that some of the conditions in the 2009 order must be modified. However, he argues that some of the conditions that the minor has placed at issue, which were imposed as part of the 2008 disposition orders in a previous case, are not properly before this court. We conclude that we do not have jurisdiction to address the minor's arguments regarding the probation conditions imposed in 2008. With regard to the 2009 disposition order, we modify a number of the probation conditions, and, as so modified, affirm the judgment.

### FACTUAL AND PROCEDURAL HISTORY

*Prior Offenses and Petitions*

Since the age of 10, the minor has appeared before the juvenile court on a variety of charges, most of which were handled informally.

In June 2008, at age 15, the minor was declared a ward of the court and placed on probation after admitting allegations in his third Welfare and Institutions Code section 602 petition (case No. 302JV25631C; hereafter Petition C), which charged the minor with carrying a concealed dirk or dagger (§ 12020, subd. (a)(4), a felony), resisting arrest (§ 148, subd. (a)(1), a misdemeanor), and exhibiting a deadly weapon (§ 417, subd. (a)(1), also a misdemeanor). When the minor was arrested on the charges in Petition C, he was under the influence of alcohol, was wearing gang clothing, had gang

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

references on his cell phone, had two tattoos, and told the officers he had been "norte" for two years.

At the disposition hearing in 2008, the court returned the minor to the custody of his mother on probation under the supervision of the probation officer and imposed several conditions of probation. The probation conditions are documented in two written orders in which the court ordered that the minor (1) not possess or use drugs or alcohol (Condition 15/21);[2] (2) not associate with probationers, parolees, or gang members (Condition 18/24); (3) not frequent areas of gang activity or participate in gang activity (Condition 19/25); (4) not possess, wear, or display gang clothing or gang paraphernalia (Condition 20/26); (5) not obtain any new gang-related tattoos (Condition 21/27); and (6) not use or possess dangerous or deadly weapons (Condition 22/28). We shall hereafter refer to the disposition orders on Petition C as the "2008 Orders." Although the minor did not appeal the 2008 Orders, he challenges some of the probation conditions imposed at that time in the instant appeal.

*Current Case*

In the current case, the minor's fourth Welfare and Institutions Code section 602 petition (case No. 302JV25631D; hereafter Petition D), the prosecution charged the minor with attempted auto burglary (§§ 664, 459, 460, subd. (b), a felony), vandalism of $400 or more (§ 594, subds. (a), (b)(1), a misdemeanor), and exhibiting a deadly weapon (§ 417, subd. (a)(1), a misdemeanor) arising from an incident on July 13, 2009. The minor was 16 years old at the time of the offenses. One of the victims saw the minor walking around the victims' car with a metal object similar to a "slim jim." The victims then heard the sound of breaking glass. A few minutes later, when one of the victims confronted the minor and his cohorts in the parking lot, the minor threatened him with a hammer. The victims discovered that the side view mirrors on their car were broken.

After a contested jurisdictional hearing, the court found the allegations of the petition true beyond a reasonable doubt.

---

[2] The record on appeal does not include the reporter's transcript of the June 2008 disposition hearing. There are two written orders in the clerk's transcript from the June 2008 disposition hearing: a minute order and a separate "Order of Probation," both of which contain probation conditions. Although many of the probation conditions in those two orders address the same issues, they are numbered differently and some are worded differently from one another. Since we do not have the reporter's transcript of that hearing, we do not know whether the court imposed one set of conditions over the other. For the purpose of this appeal, we shall refer to these conditions by the number assigned in the minute order, followed by a "/" and the number assigned in the Order of Probation.

The minor subsequently told his probation officer that he had been affiliated with the Norteño gang for seven years and that he "jumped in" at age nine. By July 2009, the minor had acquired additional tattoos: (1) a single dot on the index finger of his right hand and four dots on the fingers of his left hand, signifying the number 14, which is associated with the Norteño gang, and (2) a " 'Northern Star' " on the right side of his neck. He admitted to his probation officer that he violated probation by wearing gang clothing, associating with gang members, violating curfew, drinking alcohol, and smoking marijuana.

At the disposition hearing in November 2009, the court ordered the minor to remain under the custody of the probation officer and reside in a group home until January 2010, at which time a family reunification plan would be reassessed.

The court imposed several conditions of probation, six of which are at issue on appeal. The court ordered that the minor (1) "not use, possess, or be under the influence of alcohol or any form of controlled or illegal substance without the legal right to do so and submit to drug and substance abuse testing as directed by the Probation Officer" (Condition 8); (2) "not knowingly associate with any person whom he knows, to be a probationer, parolee, or gang member" (Condition 14); (3) "not knowingly participate in any gang activity and/or visit any areas of gang-related activity that are known to him unless he has prior permission from his Probation Officer" (Condition 15); (4) "not knowingly possess, display or wear any insignia, clothing, logos, emblems, badges, or buttons or display any gang signs or gestures which he knows to be gang-related" (Condition 16); (5) "not obtain any new tattoos that he knows to be gang-related" (Condition 17); and (6) "not knowingly post, display, or transmit any symbols or information that the minor knows to be gang-related" (Condition 18). Unlike the 2008 Orders, the disposition order on Petition D did not contain a "no weapons" condition. The court also ordered that "All previous Orders of the Court not inconsistent with today's Orders remain in full force and effect."[3] We shall hereafter refer to the disposition order on Petition D as the "2009 Order."

## DISCUSSION

In this appeal from the judgment on Petition D, the minor challenges probation conditions imposed in the 2008 Orders on Petition C, as well as

---

[3] The court's eight-page order was composed in part of forms that used slightly different language to impose this same order. At page three of the 2009 order, the juvenile court checked a box on a Judicial Council form (form JV-665 Disposition—Juvenile Delinquency) that stated: "All prior orders not in conflict remain in effect." At page four of the 2009 order, the court placed an "x" in front of the phrase: "All prior orders not in conflict with today's orders to remain in full force and effect" on "Modified Judicial Council Form JV-624."

conditions imposed in the 2009 Order on Petition D. The Attorney General argues that the conditions imposed in the 2008 Orders are not properly challenged in this appeal, since the minor could have but did not appeal those orders in 2008. As we explain, we agree that the 2008 Orders are not properly before us.

With regard to the minor's challenges to the conditions imposed in the 2009 Order, the Attorney General agrees that some of the conditions must be modified. We will address each of the conditions that the minor has placed at issue from that order separately. We will also address the minor's contention that the 2009 Order is vague because it fails to inform the minor of the ways in which it conflicts with the 2008 Orders. We begin by discussing the appealability of the 2008 Orders.

## I. *Appealability of 2008 Orders on Petition C*

The minor attacks the 2008 Orders on several specific grounds, arguing (1) that Conditions 15/21, 21/27, and 22/28 lack a knowledge requirement; (2) that Conditions 18/24, 19/25, 20/26, and 21/27 fail to define the terms "gang" and "gang-related"; (3) that the terms "frequent" and "areas" in Condition 19/25 are vague and overbroad; (4) that Conditions 20/26 and 21/27 violate his right of free expression; and (5) that Condition 22/28 (the no weapons condition) is vague. The minor also argues that the 2009 Order is vague and overboard because the wording of the 2009 Order conflicts with that of the 2008 Orders. He generally "disputes the validity of all the terms imposed on both dates, and requests that the juvenile court specify each condition that [he] must comply with."

The Attorney General argues that the conditions imposed in the 2008 Orders are not properly challenged in this appeal, since the minor could have, but did not appeal those orders in 2008. The minor responds that there has been no waiver.

We conclude that the 2008 Orders are not appealable for two reasons. First, the minor's appeal from the 2008 Orders is not timely. Second, the minor failed to specify the 2008 Orders in his notice of appeal. We also reject the minor's contention that by ordering that "all previous Orders of the Court not inconsistent with today's Orders remain in full force and effect," "[a]ll prior orders not in conflict remain in effect," and "[a]ll prior orders not in conflict with today's orders to remain in full force and effect" (hereafter the "all prior orders" provisions) in the 2009 Order, the court reimposed the conditions in the 2008 Orders that do not conflict with the 2009 Order and that those provisions are therefore appealable in this appeal from the 2009 Order.

## A. *Timeliness of Appeal*

A minor may appeal a judgment in a Welfare and Institutions Code section 601 or 602 proceeding "in the same manner as any final judgment." (Welf. & Inst. Code, § 800, subd. (a).) The juvenile court's jurisdictional findings are not immediately appealable and the appeal is taken from the order made after the disposition hearing. (*In re James J.* (1986) 187 Cal.App.3d 1339 [232 Cal.Rptr. 456].) The minor may also appeal any subsequent order in such proceedings "as from an order after judgment." (Welf. & Inst. Code, § 800, subd. (a).)

An appeal in a juvenile case must generally be filed "within 60 days after the rendition of the judgment or the making of the order being appealed." (Cal. Rules of Court, rule 8.406(a)(1) & former rule 8.400(d).) "A timely notice of appeal, as a general matter, is 'essential to appellate jurisdiction.' " (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094 [81 Cal.Rptr.2d 301, 969 P.2d 146].) "In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment." (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421 [72 Cal.Rptr.3d 340].)

The court made the disposition orders on Petition C (the 2008 Orders) on June 20, 2008. The 60-day deadline for appealing those orders was August 19, 2008. The minor did not appeal from those orders. On July 15, 2009, the prosecution filed a new petition (Petition D) alleging new criminal offenses. The court made its disposition order on Petition D (the 2009 Order) on November 13, 2009. The minor filed a timely notice of appeal from that order on December 10, 2009. However, that notice of appeal was filed well beyond the 60-day deadline for noticing an appeal of the 2008 Orders. The minor's appeal of the 2008 Orders is therefore untimely.

## B. *Failure to Designate 2008 Orders in Notice of Appeal*

In addition, deficiencies in the minor's notice of appeal preclude us from addressing issues related to the 2008 Orders. A notice of appeal is sufficient if it identifies the particular judgment or order being appealed. (Cal. Rules of Court, rule 8.405(a)(3) & former rule 8.400(c)(2).) The notice of appeal here lists only the separate case number for Petition D and states that the minor "appeals the judgment, after trial, entered . . . on or about November 13, 2009." It does not mention the 2008 Orders.

In *In re Melvin J.*, the court held that a minor was precluded from raising certain contentions on appeal because he did not appeal from a disposition order entered in October 1998. (*In re Melvin J.* (2000) 81 Cal.App.4th 742 [96

Cal.Rptr.2d 917], disapproved of on another ground in *John L. v. Superior Court* (2004) 33 Cal.4th 158, 181, fn. 7 [14 Cal.Rptr.3d 261, 91 P.3d 205].) The court explained: "The notice of appeal filed in this case states that the minor appealed only from the order of November 18, 1998, and the hearing conducted on that day. . . . The notice of appeal does not purport to be from the order entered on October 23, 1998, and that order was separately appealable as a final disposition order. Since the minor never appealed the order of October 23, 1998, he is precluded from raising issues relating to that order." (*Melvin J.*, at p. 753.)

The notice of appeal in this case lists only the case number on Petition D and the 2009 Order; it does not state that the minor is appealing from the 2008 Orders. The minor is precluded from raising any issues related to the 2008 Orders in this appeal because he failed to list them in his notice of appeal.

### C. *Effect of "All Prior Orders" Provisions*

At oral argument, the minor argued that the "all prior orders" provisions in the 2009 Order reimposed the probation conditions from the 2008 Orders that do not conflict with the 2009 Order and that those conditions are therefore properly before this court in this appeal. Of the conditions that the minor has placed at issue on appeal, the only condition from the 2008 Orders that does not have a counterpart in the 2009 Order is the weapons condition (Condition 22/28).

■ The minor did not appeal the 2008 Orders and they have become final. We do not agree that the routine continuation of a previous order without change revives the right to appeal the merits of a previous order that has become final. We note that in the context of dependency cases, courts have held that orders that have become final may not be reviewed in a later appeal from another appealable order. (*In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1149–1150, 1156 [65 Cal.Rptr.2d 913]; *In re Melvin A.* (2000) 82 Cal.App.4th 1243, 1250–1252 [98 Cal.Rptr.2d 844].) And the same is true of criminal appeals. (*People v. Ramirez, supra*, 159 Cal.App.4th at p. 1421.)

■ In his concurring and dissenting opinion, Justice Mihara reasons that the 2009 Order *"displaces"* the 2008 Orders, that the "all prior orders" provisions in the 2009 Order *"adopted and reimposed* the 2008 weapons condition," and that the minor may therefore challenge the weapons condition in his appeal from the 2009 Order. (Conc. & dis. opn., *post*, at p. 1147.) In our view, the "all prior orders" provisions did not reimpose the court's previous orders. They expressly instructed the minor that the court's prior

orders that did not conflict with the 2009 Order "remain[ed] in effect" or in "full force and effect." We interpret that language to mean that the prior orders were not terminated or revoked by the new dispositional order. We agree with our colleague that every time a ward appears for disposition, the court may consider the minor's entire history and the order must be all encompassing. However, in our view that is separate and apart from the question of the appealability of a final order of the juvenile court.

The cases that Justice Mihara relies on in his separate opinion (*In re Michael B.* (1980) 28 Cal.3d 548 [169 Cal.Rptr. 723, 620 P.2d 173] (*Michael B.*); *In re Ruben M.* (1979) 96 Cal.App.3d 690 [158 Cal.Rptr. 197] (*Ruben M.*), disapproved of on another ground in *Michael B.*, at p. 554; *In re Scott K.* (1984) 156 Cal.App.3d 273 [203 Cal.Rptr. 268] (*Scott K.*)) do not address the appealability question presented here or the meaning of the "all prior orders" provisions.[4] In *Michael B.* and *Ruben M.*, the appellate courts stated the general rule that after a new Welfare and Institutions Code section 602 petition is sustained, the juvenile court may consider all of the minor's

---

[4] In *Michael B.*, the minor, who had multiple sustained petitions under Welfare and Institutions Code section 602, argued that the prosecution's failure to file a supplemental petition under Welfare and Institutions Code section 777 prevented the court from considering aggregated terms from the minor's prior petitions in computing his maximum period of confinement on the latest petition. The court concluded that a separate petition under Welfare and Institutions Code section 777 was not required, but that "a petition under section 602 must contain notice of the intent to rely upon previous sustained petitions under section 602, in order to aggregate the maximum period of confinement on the basis of those petitions." (*Michael B., supra*, 28 Cal.3d at p. 554.)

In *Ruben M.*, the court addressed the procedural question "whether when a new 602 petition is sustained the court may include all of the prior cases for which the minor is presently on probation in determining the maximum period of confinement without initiating separate proceedings under section 777 Welfare and Institutions Code" and held that "when a new [Welfare and Institutions Code] section 602 petition is filed no additional petition under [Welfare and Institutions Code] section 777 is required in order to include the prior cases in the (aggregate) maximum term of commitment." (*Ruben M., supra*, 96 Cal.App.3d at pp. 696, 698.) The minor in *Ruben M.* had at least one prior sustained petition under Welfare and Institutions Code section 602, in which he was made a ward of the court and "placed on probation under the camp-community placement program." (96 Cal.App.3d at p. 694.) The court observed that when his new Welfare and Institutions Code section 602 petition was sustained and the court decided to "place the minor in the California Youth Authority the prior camp-community program was effectively terminated." (96 Cal.App.3d at p. 699.) In our view, the court's comments regarding the effect of the new disposition order on the minor's custodial status does not address the issue presented here.

In *Scott K.*, the court held that a supplemental petition to modify a previous order under Welfare and Institutions Code section 777 "may only determine whether the immediate past dispositional order has failed to effectively rehabilitate the minor and may not inquire into preceding dispositions" and that an evaluation of the latest disposition order cannot be made until that disposition has been executed, as opposed to being stayed. (*Scott K., supra*, 156 Cal.App.3d at pp. 276–277.)

prior record in determining the disposition in the new case. (*Michael B.*, at p. 553; *Ruben M.*, at p. 696.)

We also disagree with our colleague's conclusions regarding the effect of our interpretation of the "all prior orders" provisions. He concludes that our decision precludes the juvenile court "from incorporating provisions of a prior dispositional order into a new dispositional order by means of an 'all prior orders' provision in the new dispositional order" and that, as a result, "those prior orders would no longer be in force," which means that Shaun R. would no longer be subject to a weapons condition. (Conc. & dis. opn., *post*, at p. 1148.) However, under our interpretation of the "all prior orders" provisions, the opposite is true. Since the weapons condition does not conflict with any of the conditions in the 2009 Order, it remains in full force and effect. Shaun is still subject to the weapons condition, he just cannot appeal from the order imposing it. Finally, if the juvenile court wishes to reimpose or incorporate a condition or term from a previous disposition order that has become final into a new disposition order, the court may do so by express reimposition or incorporation.

■ For all these reasons, we conclude that the "all prior orders" provisions[5] in the 2009 Order did not create a right to appeal the 2008 Orders that were already final, that the appeal of the 2008 Orders is not properly before us, and that we are without jurisdiction to entertain the minor's arguments with regard to the 2008 Orders. Consequently, we shall not address those arguments further. We observe that the minor is not without a remedy because he may seek modification of the weapons condition in the juvenile court. (Welf. & Inst. Code, §§ 775, 778; *In re Luis F.* (2009) 177 Cal.App.4th 176, 192 [99 Cal.Rptr.3d 174] (*Luis F.*); *In re Brian K.* (2002) 103 Cal.App.4th 39, 44 [126 Cal.Rptr.2d 580].)

We conclude, however, that the minor's argument that the 2009 Order is vague and overbroad because it does not advise the minor which conditions from the 2008 Orders are in conflict with the 2009 Order is properly before us because it challenges the 2009 Order, not the 2008 Orders. We shall address this argument at the end of this opinion.

---

[5] In addition to the forms that were used in this case (see fn. 3, *ante*, at p. 1136), we note that at least two other Judicial Council juvenile court forms use similar language. (See e.g., form JV-644 Jurisdiction Hearing—Juvenile Delinquency ["All prior orders not in conflict remain in effect."] and form JV-794 Petition to Terminate Wardship and Order ["All other orders of the juvenile court that are not in conflict remain in full force and effect."].)

## II. *General Rules Governing Probation Conditions; Standard of Review*

■ "The California Legislature has given trial courts broad discretion to devise appropriate conditions of probation, so long as they are intended to promote the 'reformation and rehabilitation' of the probationer. (. . . § 1203.1, subd. (j).)" (*Luis F., supra*, 177 Cal.App.4th at p. 188.)

■ In cases involving juvenile offenders, Welfare and Institutions Code section 730, subdivision (b) provides that when a minor who is adjudged a ward of the court "is placed under the supervision of the probation officer . . . , the court may make any and all reasonable orders for the conduct of the ward . . . . The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced."

"Section 730 grants courts broad discretion in establishing conditions of probation in juvenile cases. [Citation.] '[T]he power of the juvenile court is even broader than that of a criminal court.' " (*In re Christopher M.* (2005) 127 Cal.App.4th 684, 692 [26 Cal.Rptr.3d 61].) As the court explained in *In re Antonio R.* (2000) 78 Cal.App.4th 937, 941 [93 Cal.Rptr.2d 212], "juvenile [probation] conditions may be broader than those pertaining to adult offenders. This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents. And a parent may 'curtail a child's exercise of the constitutional rights . . . [because a] parent's own constitutionally protected "liberty" includes the right to "bring up children" [citation] and to "direct the upbringing and education of children." ' " Even conditions that infringe on constitutional rights may be valid if they are specifically tailored to fit the needs of the juvenile. (*Ibid.*)

■ "In distinguishing between the permissible exercise of discretion in probationary sentencing by the juvenile court and that allowed in 'adult' court," our state Supreme Court has "advised that, '[a]lthough the goal of both types of probation is the rehabilitation of the offender, "[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment . . . ." [¶] In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. . . . [¶] . . . [N]o choice is given to the youthful offender [to accept probation]. By contrast, an adult offender "has the right to refuse probation, for its conditions may appear to defendant more onerous than the sentence which might be imposed." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 [55 Cal.Rptr.3d 716, 153 P.3d 282] (*Sheena K.*).)

"Of course, the juvenile court's discretion is not boundless. *Sheena K.*, for example, involved a challenge to conditions of juvenile probation based on vagueness and overbreadth. [Citation.] Under the void for vagueness constitutional limitation, '[a]n order must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' [Citations.] In addition, the overbreadth doctrine requires that conditions of probation that impinge on constitutional rights must be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation. [Citations.] 'If available alternative means exist which are less violative of the constitutional right and are narrowly drawn so as to correlate more closely with the purposes contemplated, those alternatives should be used.' " (*In re Luis F., supra*, 177 Cal.App.4th at p. 189, quoting *Sheena K., supra*, 40 Cal.4th at pp. 889–890.)

■ Although the minor did not object to any of the conditions at issue when they were imposed in the juvenile court, we do not deem the issues forfeited on appeal, since the failure to object on the ground that a probation condition is unconstitutionally vague or overbroad is not forfeited on appeal. (*Sheena K., supra*, 40 Cal.4th at p. 889.) We apply the same rule to other constitutional challenges to a probation condition.

Generally, we review the court's imposition of a probation condition for an abuse of discretion. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121 [43 Cal.Rptr.2d 681, 899 P.2d 67]; accord, *In re Christopher M., supra*, 127 Cal.App.4th at p. 692.) However, we review constitutional challenges to a probation condition de novo. (*In re J.H.* (2007) 158 Cal.App.4th 174, 183 [70 Cal.Rptr.3d 1].)

III.–VI.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

VII. *Alleged Vagueness Resulting from Court's Failure to Specify Conflicts Between 2008 Orders and 2009 Order*

The minor argues that the "all prior orders" provisions in the 2009 Order render the probation conditions unconstitutionally vague because the court did not specify which orders it deemed to be inconsistent or in conflict with the 2009 Order. He argues, for example, that a condition in the 2009 Order that contains a knowledge requirement may conflict with an earlier condition addressing the same subject matter that does not contain such a requirement and that the court's "failure to specify where such conflicts are deemed to exist is itself an example of vagueness and overbreadth."

---

*See footnote, *ante*, page 1129.

■ "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.' " (*Sheena K., supra*, 40 Cal.4th at p. 890.) "In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' " (*Ibid.*) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*)

■ With regard to the probation conditions that the minor has placed at issue, a number of the conditions in the 2009 Order address the same topics as those in the 2008 Orders (i.e., clothing and paraphernalia, areas of gang activity, and tattoos). While the probation conditions in the 2008 Orders and the 2009 Order address the same topics, they differ because they lack a knowledge requirement, delegation of authority to the probation officer, or definition of the terms "gang" and "gang-related," and are thus inconsistent or in conflict with one another. The "all prior orders" provisions state that such prior inconsistent orders shall not remain in effect. We find no merit to the minor's contention that a 16 year old would not be able to determine that these probation conditions, which address the same topic, but are worded differently from one another, are in conflict with one another. To the extent that a new condition addresses the same subject matter as a condition that was previously imposed, the new condition controls.

The only condition that the minor has placed at issue that was imposed in 2008 but was not imposed in 2009 was the weapons condition. In our view, even a teenager is able to understand that a 2008 condition that has no counterpart in the 2009 Order is not inconsistent with the new order and therefore still applies.

Finally, the minor's suggestion that the court specify where the conflicts exist between the terms of a new disposition order and a previous order places too great a burden on the trial court.

For these reasons, we conclude the "all prior orders" provisions are not vague or overbroad.

## DISPOSITION

We modify Condition 8 to read as follows: "The minor shall not knowingly use, possess, or be under the influence of alcohol or any form of controlled or illegal substance without the legal right to do so and the minor shall submit to drug and substance abuse testing as directed by the Probation Officer."

We modify Condition 15 to read as follows: "The minor shall not participate in any gang activity and shall not visit or remain in any specific location known to him to be, or that the Probation Officer informs him to be, an area of gang-related activity."

We modify Condition 16 to read: "The minor shall not knowingly possess, display or wear any insignia, clothing, logos, emblems, badges, or buttons, or display any gang signs or gestures that he knows to be, or that the Probation Officer informs him to be, gang-related."

We modify Condition 17 to read: "The minor shall not obtain any new tattoos that he knows to be, or that the Probation Officer informs him to be, gang-related."

We modify Condition 18 to read: "The minor shall not post, display or transmit on or through his cell phone any symbols or information that the minor knows to be, or that the Probation Officer informs the minor to be, gang-related."

We modify the probation conditions in the 2009 Order to include the following definitional clause at the end: "For the purposes of these probation conditions, the words 'gang' and 'gang-related' mean a 'criminal street gang' as defined in Penal Code section 186.22, subdivision (f)."

As so modified, the 2009 Order is affirmed.

Bamattre-Manoukian, Acting P. J., concurred.

**MIHARA, J.,** Concurring and Dissenting.—My colleagues conclude that appellant Shaun R. is precluded from challenging the weapons probation condition because he did not appeal from the *2008* dispositional order. They agree with the Attorney General's claim that the weapons condition is "not properly challenged in this appeal" because Shaun "could have challenged" it in an appeal from the 2008 dispositional order. Although I agree that Shaun is precluded from challenging the 2008 dispositional order itself in this appeal from the 2009 dispositional order, I do not agree that Shaun's appellate

challenge to the weapons condition is a challenge to the 2008 order rather than to a provision of the 2009 order.

The juvenile court's 2008 order declaring Shaun to be a ward of the court and returning him to his parents' custody included a number of probation conditions, among them the weapons condition. In 2009, the juvenile court issued an order continuing Shaun's wardship and removing him from his parents' custody. The 2009 order, which included a number of probation conditions but no weapons condition, also provided that "All prior orders not in conflict remain in effect."[1] In Shaun's timely appeal from the 2009 order, he challenges, among other things, the constitutionality of the weapons condition, which is the only 2008 probation condition which was "not in conflict" with (or identical to) any of the 2009 probation conditions.[2]

My colleagues conclude that the "all prior orders" provision in the 2009 order was a "routine continuation of a previous order without change" (maj. opn., *ante*, at p. 1139) that did not reimpose, adopt, or incorporate by reference the weapons condition in the 2008 order. I disagree. In my view, the "all prior orders" provision in the juvenile court's 2009 order *reimposed* any 2008 probation condition that was "not in conflict" with the probation conditions set forth in the 2009 order and thereby made any such probation condition part of the 2009 order, which Shaun could properly challenge in his appeal from the 2009 order. My disagreement with my colleagues stems from their belief that a previous juvenile delinquency dispositional order continues in force after a subsequent juvenile delinquency dispositional order has been entered as to the same juvenile. Their belief reflects a fundamental misunderstanding of the nature of juvenile delinquency dispositional orders.

When a juvenile has already been declared a ward and a dispositional order is therefore in place, additional misconduct by the minor may be alleged in either a new Welfare and Institutions Code section 602[3] petition or a section 777 notice. (See *In re Michael B.* (1980) 28 Cal.3d 548, 552–553 [169 Cal.Rptr. 723, 620 P.2d 173] (*Michael*); *In re Eddie M.* (2003) 31 Cal.4th 480 [3 Cal.Rptr.3d 119, 73 P.3d 1115].) "After a new petition is sustained under section 602, . . . the court may consider the juvenile's entire record before

---

[1] This provision of the dispositional order was repeated twice more in the order. The second time it read: "ALL PRIOR ORDERS NOT IN CONFLICT WITH TODAY'S ORDERS TO REMAIN IN FULL FORCE AND EFFECT." The third time it read: "That all previous Orders of the Court not inconsistent with today's Orders remain in full force and effect." The fact that this provision was twice repeated suggests that the juvenile court felt that this provision was rather important.

[2] The challenged probation condition reads: "That the minor not own, use, or possess any dangerous or deadly weapons and not remain in any building, vehicle, or the presence of any person where dangerous or deadly weapons exist."

[3] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

exercising its discretion at the dispositional hearing . . . and may rely on prior sustained section 602 petitions in determining the proper disposition and maximum period of confinement." (*Michael*, at p. 553.) Disposition of a new section 602 petition "effectively terminate[s]" the previous dispositional order on a prior sustained section 602 petition. (*In re Ruben M.* (1979) 96 Cal.App.3d 690, 699 [158 Cal.Rptr. 197] (*Ruben M.*), disapproved on another point in *Michael*, at p. 554.) Because a subsequent dispositional order "effectively terminate[s]" a prior dispositional order, the prior dispositional order does *not* ordinarily continue to be in force after the entry of the subsequent dispositional order.

"The stated central objective of the law with respect to delinquent children is to provide the 'care, treatment and guidance which is consistent with their best interest, which holds them accountable for their behavior, and which is appropriate for their circumstances.' (§ 202, subd. (b).) To determine what is appropriate under a given set of circumstances, a court must review those circumstances *every time the minor appears for a dispositional hearing.*" (*In re Ronnie P.* (1992) 10 Cal.App.4th 1079, 1087–1088 [12 Cal.Rptr.2d 875], italics added.) "Each time a ward comes before the court, whether the result of a subsequent section 602 or 777 petition, the goal of any resulting dispositional order is to rehabilitate the minor. *Thus, a dispositional order should be **all encompassing**. This may simply require the juvenile court to **adopt previous orders** of the court or make wholesale changes . . . .*" (*In re Scott K.* (1984) 156 Cal.App.3d 273, 277 [203 Cal.Rptr. 268], boldface & italics added (*Scott K.*).)

Because the new dispositional order on a subsequent section 602 petition must be "all encompassing" (*Scott K., supra*, 156 Cal.App.3d at p. 277) and "effectively terminate[s]" (*Ruben M., supra*, 96 Cal.App.3d at p. 699) the earlier dispositional order on the prior section 602 petition, the new dispositional order in a delinquency case *displaces* the earlier dispositional order, and the only means available to the court by which the provisions of the earlier order may be continued in force is a provision in the later order incorporating into the later order provisions of the earlier order. The juvenile court's "all prior orders" provision in its 2009 dispositional order was precisely such a provision. It *adopted and reimposed* the 2008 weapons condition. Since the weapons condition was *reimposed* by the 2009 order, Shaun may properly challenge the weapons condition in his timely appeal from the 2009 order.

My colleagues cite no authority for their rejection of my analysis, but they discount my analysis apparently on the ground that the law set forth in the cases I cite above was not part of the *holdings* in those cases. I readily concede that there is no case with a holding precisely on point. However, the

*absence* of a case with a *holding* that supports my analysis does not establish that my analysis is invalid. Indeed, it is because the principles upon which I rely are so well accepted that it has never been necessary for an appellate court to publish a decision containing a holding on this point. Unfortunately, my colleagues now publish a decision which discards these principles and substitutes their apparent conclusion that a juvenile court is precluded from incorporating provisions of a prior dispositional order into a new dispositional order by means of an "all prior orders" provision in the new dispositional order. As I have explained, their conclusion would mean that those prior orders would no longer be in force. In this case, where Shaun has a history of involvement with weapons, my colleagues' conclusion would mean that Shaun would no longer be subject to a weapons condition, which could hardly have been the juvenile court's intent.

I dissent from my colleagues' conclusion that Shaun is precluded from challenging the weapons condition because that condition was not part of the 2009 dispositional order.[4]

Appellant's petition for review by the Supreme Court was denied January 19, 2011, S187935. Kennard, J., was of the opinion that the petition should be granted.

---

[4] Since my colleagues refuse to allow Shaun to challenge the weapons condition, it would serve no purpose for me to discuss its defects. I note only that the Attorney General concedes that the weapons condition would require modification to correct its unconstitutionality.