Filed 6/30/14  In re Michael V. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re MICHAEL V., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MICHAEL V., <br><br> Defendant and Appellant. | F068420 <br><br> (Super. Ct. No. JJD065599) <br><br> **OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Gomes, J., and Sarkisian, J.[†]

[†]     Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

# INTRODUCTION

On August 29, 2011, Michael V., appellant, admitted allegations in a petition filed pursuant to Welfare and Institutions Code section 602, alleging that he committed first degree robbery, a felony (Pen. Code, § 211),[1] and that he was armed during the commission of the offense. In exchange for his admission, three other felony allegations were dismissed.

On September 15, 2011, appellant was found to be a ward of the court, placed on probation, and committed to the Tulare County Youth Correctional Center Unit.[2] On September 9, 2013, a notice of violation of probation was filed pursuant to Welfare and Institutions Code section 777, alleging that appellant violated the terms of his probation by associating with a person he knew to be a member of a criminal street gang and by acquiring a new tattoo he knew to be gang related.

Appellant waived his right to a contested hearing and admitted violating the terms of his probation on September 10, 2013. At the disposition hearing on October 2, 2013, the juvenile court continued appellant as a ward of the court, continued his probation, and committed him to the Tulare Youth Correctional Unit for 365 days. The court determined that appellant's maximum term of confinement was 10 years. The court found appellant had 449 days of custody credits.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

---

[1] Unless otherwise designated, statutory references are to the Penal Code.

[2] We will not recount the facts of the prior adjudication. A disposition order is an appealable order and failure to file a timely appeal from it bars review of the earlier proceedings it entails in a subsequent appeal from a later juvenile court hearing. (*In re Shaun R*. (2010) 188 Cal.App.4th 1129, 1139, 1141; also see *In re Scott K*. (1984) 156 Cal.App.3d 273, 276-278.)

## FACTS

Appellant originally admitted committing a robbery during a home invasion. After being released from the youth correctional center on August 7, 2012, appellant stayed with his grandmother and was placed on a global positioning system monitor on an aftercare program. Among the terms of probation were that appellant not associate with known gang members and not acquire tattoos or piercings appellant knew to be gang related.

While under the supervision of probation, appellant had eight law enforcements contacts where he was in the presence of known gang members or their associates. Law enforcement officers admonished appellant to stop these associations. Appellant acquired two tattoos that displayed "Porter" and "ville." Law enforcement officers again admonished appellant to stop his involvement with known gang members and associates. Thereafter, appellant acquired a tattoo with the letter "N" on the right side of his face. Appellant was detained for being in violation of the terms of his probation. Appellant has three other tattoos. All three of his newest tattoos are gang related.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) By letter on February 27, 2014, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.