Filed 8/20/14  In re J.M. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | C072228 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.M.,<br><br>Defendant and Appellant. | (Super. Ct. No. JV134046) |

Minor J.M. admitted an allegation that he possessed ammunition.  On appeal, he contends his resulting Level A placement was an abuse of discretion because the placement did not serve the purposes of the juvenile court law, was contrary to his best interests, and was contrary to the interests of society.  We initially dismissed his appeal as untimely, but subsequently granted his petition for rehearing and now, reaching the merits of his second claim, affirm the juvenile court's October 2012 dispositional order.

1

## BACKGROUND

*Riverside County*

Between July 2009 and February 2011, the Riverside County District Attorney filed five petitions alleging the minor came within the provisions of Welfare and Institutions Code section 602.[1] The allegations included two charges of assault with a deadly weapon (Pen. Code, § 245, subd. (a)), vandalism (*id*., § 594, subd. (a)), loitering on private property (*id*., § 647, subd. (h)), and possession of a knife on school grounds (*id*., § 626.10).

During the initial proceedings, the juvenile court ordered a confidential psychological evaluation. The completed evaluation noted the minor had learning disorders and was mildly mentally retarded. It also noted the minor suffered from hallucinations and paranoid delusions. The court ordered an assessment of the minor pursuant to section 241.1 to determine whether a dependency or delinquency classification was appropriate for the minor's case.

The minor appeared in Riverside County juvenile court in March 2011 for disposition on these five separate petitions. The court followed the joint recommendation of the probation officer and the social worker and found the matter should proceed in delinquency court. The minor admitted two misdemeanor assaults and a felony possession of a knife on school grounds. As to the misdemeanor assaults, the minor had stabbed his cousin in the back with a knife and a fellow student with a pencil. The vandalism petition was dismissed with a *Harvey*[2] waiver as to restitution and the loitering petition was dismissed on the People's motion.

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

The court found the minor came within the provisions of section 602, suspended proceedings and placed the minor on probation with deferred entry of judgment. The minor's aunt indicated she was willing to have the minor placed with her, but opined the father was not an appropriate placement because of his own substance abuse problems. She also indicated the father was unable to discipline the minor. The court authorized placement in a group home or with the minor's aunt, but ordered the minor could not be placed with his father.

Approximately one month later, the probation department filed a petition alleging the minor had violated his probation and requested the deferred entry of judgment be lifted. The probation officer had found minor in possession of marijuana and two homemade pipes and he tested positive for amphetamines and marijuana. While living with his aunt, the minor did not follow directions, came and went as he pleased, and used drugs. The minor's aunt also reported she had found a knife and scissors hidden in his bedroom. On April 19, 2011, the juvenile court lifted the deferred entry of judgment and detained the minor. In June 2011, the minor was adjudged a ward of the court and placed at a youth treatment center. On July 23, 2011, the district attorney filed a petition alleging the minor had escaped. (§ 871, subd. (a).) The minor admitted the allegation and the court continued him as a ward.

On September 7, 2011, the court placed the minor at another treatment center. He ran away in November and remained at large until January 2012, when he was arrested at his father's residence. His father did not call police to report the minor was living there and denied knowing the minor had absconded from the center. When arrested, the minor had a loaded handgun magazine in his front pants pocket.

The People filed a subsequent petition on February 1, 2012, alleging the minor unlawfully possessed ammunition, which the minor admitted. (Pen. Code, § 29650.) The juvenile court referred minor for a psychological evaluation. Dr. Pflaumer noted the minor had previous evaluations which indicated his primary disability was "emotional

3

disturbance" with some learning disability. The minor reported he had problems controlling his anger; he suffered from both auditory and visual hallucinations and admitted he had delusions. Dr. Pflaumer concluded the minor showed "dramatic early signs of Schizophrenia including hallucinations and delusions that result in severe emotional and behavioral disturbance." He recommended antipsychotic medication and a comprehensive mental health program. Dr. Pflaumer also concluded the minor was a potential danger to himself and others.

Dr. Jones performed an additional psychological evaluation on April 14, 2012. He diagnosed the minor with polysubstance dependence, mild mental retardation, and psychosocial problems. The minor showed symptoms of autistic disorder, hallucinations and delusions, as well as substance abuse and dependence on alcohol, marijuana, and methamphetamine. Dr. Jones noted the minor needed continued placement, and opined his behavior would make it difficult to place him with a relative or in a foster home. His multiple problems, including mental retardation, psychotic function, and drug and alcohol abuse further complicated his prospects for placement. Dr. Jones concluded the minor required a placement facility that could provide psychiatric treatment. The minor also needed long-term and frequent psychotherapy, special education, and drug and alcohol rehabilitation included in his placement.

The juvenile court continued the minor as a ward of the court and again found out-of-home placement to be in his best interest.

*Sacramento County*

In August 2012, because the minor's father had moved to Sacramento County, the Riverside County court transferred his cases to Sacramento County. On September 7, 2012, the Sacramento County juvenile court ordered the minor detained. Approximately one month later, the court held a dispositional hearing on the February 2012 petition. The minor's counsel requested the minor not be assigned a Level A placement and that the minor be released to live with his father. Counsel indicated the father was aware of

4

the minor's diagnosis of schizophrenia and willing to provide counseling for the minor. The father was unhappy with the mental health treatment the minor was receiving. Counsel also indicated the minor would not succeed in a Level A placement, noting he had run away twice. The father's sister-in-law also indicated to the court it was a close-knit family and another sibling, a 14 year old, was living in the home and doing very well at school.

The prosecutor argued the minor posed a danger to himself and others, as reflected by Dr. Plaumer's March 2012 psychiatric evaluation. The prosecutor also noted the minor had threatened that if he were not released he would "smash a computer against someone's face."

The probation report indicated the father wanted the minor returned to his care and custody. He reported he was in a more stable condition and was able to care for the minor, he understood the minor's mental health problems, and was willing to ensure the minor received appropriate counseling services and attended school. He had a prior conviction for possession of a controlled substance, was a registered addict, and remained on probation until October 2014. The minor's adult brother, who also lived with the father, had a possession of marijuana charge that had been conditionally dismissed in January 2012.

The minor was housed in juvenile hall. While he generally followed the rules, he had also been involved in a "near fight" and refused to attend school. The report noted the minor's psychological evaluations and diagnoses. The probation officer acknowledged the minor was in need of intensive psychiatric therapeutic counseling services, alcohol and drug counseling, and counseling relative to his criminal behavior. For the safety of the minor and the community, the probation officer recommended a higher level of supervision for the minor. The probation officer also concluded it would be in the minor's best interest to be placed in a Level A group home where he could

receive appropriate counseling services for his psychiatric problems as well as his polysubstance abuse.

The juvenile court noted it was clear from the report that the minor had an extensive history of drug abuse and mental health problems. Despite the family's willingness to work with the minor, they were not experienced in handling or managing those types of problems. Because of these problems and the family's lack of experience in handling them, the court concluded releasing the minor into a non-custodial environment would be a significant danger to the community. The court followed probation's recommendation. The court adjudged the minor a ward of the court, found continuance in his parent's home would be contrary to the minor's welfare, the parent was incapable and had failed to provide proper maintenance and training for the minor, and the minor had been tried on probation in parental/guardian custody and failed to reform. The court found the minor suitable for Level A placement and ordered him into it. The court adopted the terms and conditions of probation recommended by the probation officer, adding: "As for special conditions, the Court is simply going to adopt all previous terms and conditions which are not in conflict of this order." These orders included previously imposed orders from Riverside County, and the restitution orders made in Riverside County.[3]

## DISCUSSION

### I

*The Riverside County Dispositional Order*

The minor first contends the Riverside County juvenile court abused its discretion in March 2011when it determined after the section 241.1 hearing that the minor's pending cases should proceed in delinquency court. By challenging the section 241.1

_____

[3] The clerk's minutes indicate "All previous Dispositional Orders are vacated." This minute order does not accurately reflect the oral pronouncement of judgment.

6

determination, the minor is, in effect, challenging Riverside County's June 2011 dispositional order, from which he never appealed.

The minor acknowledges that generally, the "routine continuation of a previous order without change [does not revive] the right to appeal the merits of a previous order that has become final." (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1139 (*Shaun R.*).) The minor attempts to distinguish his case from *Shaun R.*, claiming that at the October 2012 dispositional hearing, the Sacramento County juvenile court *expressly vacated* the earlier Riverside County orders. He argues that because the Riverside County orders were expressly vacated, the October 2012 Sacramento County dispositional order is the operative judgment supporting his attempt to challenge the result of the 2011 section 241.1 hearing which originally sent him to delinquency court. But the record does not support this argument, because the section 241.1 order was never expressly vacated. In fact, as we explain *post*, not one of the dispositional orders made in 2011 in Riverside County was expressly vacated.

In a juvenile case, the dispositional order is the judgment. As a general rule, when the record of the court's oral pronouncement of judgment regarding sentencing conflicts with the clerk's minute order, the oral pronouncement controls. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; *People v. Mesa* (1975) 14 Cal.3d 466, 471 [rendition of judgment is an oral pronouncement; where discrepancy exists between oral judgment and that entered in the minutes, clerical error in minutes is presumed].) Here, although the minute order states "[a]ll previous Dispositional Orders are vacated," the oral pronouncement of judgment does *not* reflect that the court vacated *any* of the prior dispositional orders, let alone the section 241.1 order allowing the minor's matters to continue in the delinquency court. (See fn. 3, *ante*.) Further, *all* of the orders issued by the Sacramento County juvenile court at the 2012 disposition *assumed the continuing validity of the 2011 section 241.1 order* by continuing to treat the minor's matters as delinquency matters rather than dependency. Thus the record belies the minor's assertion

7

that the Riverside County dispositional orders were expressly vacated, including the order he now purports to challenge. Because we find that the relevant record contradicts the minor's factual assertion, we decline to discuss his additional arguments, all of which assume the juvenile court expressly vacated the section 241.1 dispositional order by so stating in the minutes.

Generally, the juvenile court's orders from a disposition hearing are appealable, but a party cannot seek appellate review of orders after the time allotted to file an appeal has lapsed. (*Shaun R., supra*, 188 Cal.App.4th at pp. 1137-1138; see *In re Z.A.* (2012) 207 Cal.App.4th 1401, 1404-1405, fn. 2.) The minor had 60 days to appeal the June 1, 2011, dispositional order which he now purports to challenge. (§ 800, subd. (a); Cal. Rules of Court, rule 8.406, subd. (a)(1).) The notice of appeal in this case was filed well after that 60 day deadline for the 2011 order. We decline to address the minor's first claim as it is untimely.

## II

### *The Sacramento County Dispositional Order*

The minor next contends the juvenile court abused its discretion by ordering him into Level A placement, rather than returning him to live with his father. The minor argues the decision was not supported by his best interests or the interests of public safety. We disagree.

"A juvenile court's commitment order may be reversed on appeal only upon a showing the court abused its discretion." (*In re Robert H*. (2002) 96 Cal.App.4th 1317, 1329-1330.) "We must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them. [Citations.] In determining whether there was substantial evidence to support the commitment, we must examine the record presented at the disposition hearing in light of the purposes of the Juvenile Court Law." (*In re Michael D*. (1987) 188 Cal.App.3d 1392, 1395; see *In re Asean D*. (1993) 14 Cal.App.4th 467, 473.) "All

dispositional orders in a wardship case must take into account the best interests of the child and the rehabilitative purposes of the juvenile court law." (*In re S.S.* (1995) 37 Cal.App.4th 543, 550.) The protection and safety of the public now is also one of the well-settled purposes of juvenile law. (§ 202, subds. (a), (b); *In re Asean D., supra*, 14 Cal.App.4th at p. 473; *In re Michael D.*, *supra*, 188 Cal.App.3d at p. 1396.)

Here, the minor's record is replete with repeated incidents of violence. The minor struggled with polysubstance addiction and "showed dramatic early signs of" schizophrenia. He needed intensive counseling and ongoing medication to address those problems. Both the minor's aunt and father had difficulty controlling the minor's behavior and preventing him from using drugs. Two psychologists also agreed minor was a danger to himself and others, and needed to be placed in a facility that could provide him with the appropriate treatment. The minor's behavior while in custody further suggests a less restrictive placement is not currently a viable alternative for him. While placed in group homes, the minor twice absconded. Most recently, while in custody, he was involved in a "near fight" and refused to attend school. He also threatened further violence if he were placed in another group home. The minor's history and the probation report, which included summaries of the psychological evaluations, provided ample evidence that minor would be a danger to himself and others if he were not placed in a group home placement.

Moreover, the record suggests living with his father was not necessarily in the minor's best interests. The offenses underlying both the minor's initial petition and his most recent (February 2012) petition occurred while living with his father. At the time of the initial petition, his father was abusing drugs and could not discipline the minor. As a result, the Riverside County juvenile court ordered the minor not be placed with him. At the time of the current dispositional hearing, his father was still on probation for a drug offense. Another adult living in the home had also had drug charges filed against him. The second time the minor absconded from a placement, he was found living with his

9

father, where he had been for almost two months. His father did not report his presence to authorities; further, the minor was found with a loaded handgun magazine in his pants while at his father's house and under his care. There was no indication in the record that his father had addressed his own substance abuse problems or now understood how to appropriately discipline the minor. In addition, there was nothing in the record indicating his father had the ability to provide the minor with the kind of intensive ongoing therapy and substance abuse counseling he needed. The juvenile court did not abuse its discretion in ordering the minor into Level A placement.

## DISPOSITION

The orders of the Sacramento County juvenile court are affirmed.


                                        DUARTE          , J.



We concur:



        RAYE        , P. J.



        MURRAY     , J.



10