Filed 12/30/20  In re D.B. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re D.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>D.B.,<br><br>    Defendant and Appellant. | A159503<br><br>(Contra Costa County Super. Ct. No. J1800561) |

Appellant D.B. appeals from an order continuing his status on non-wardship probation pursuant to Welfare and Institutions Code section 725.[1]  (See *In re Do Kyung K.* (2001) 88 Cal.App.4th 583, 587–591 [order appealable].)  His court-appointed appellate counsel has filed a brief raising no issues and seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We find no arguable issues and affirm.

---

[1] Further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

1

## I.  *BACKGROUND*

On May 2, 2019, 17-year-old appellant was accompanied by two other peers and grabbed a cell phone from Ariana H. in San Francisco.  She struggled with appellant, trying to get the phone back, and he punched her.  Ariana H. was assisted by Jordan E., whom appellant also punched.

Appellant admitted two counts of an amended wardship petition alleging grand theft person and battery with serious bodily injury in exchange for the dismissal of other charges and allegations.  (§ 602; Pen. Code, §§ 487, subds. (c), 243, subd. (d).)  The case was transferred from San Francisco to Contra Costa County.

Appellant was a dependent of the court when he committed the offense in this case, and the probation officer recommended that he be granted non-wardship probation under section 725 and continue to be supervised under the dependency system.  (§ 241.1.)  At a disposition hearing held on June 17, 2019, appellant was granted probation without a declaration of wardship pursuant to section 725 and was placed in a group home.

On August 15, 2019, the probation department filed a petition under section 777 alleging that appellant had violated his probation by failing to obey the rules of his placement.  Certain facts were stricken and appellant admitted the petition as amended on August 29, 2019.  On September 18, 2019, a second petition was filed under section 777 alleging appellant

had violated probation by failing to attend school, testing positive for THC and leaving a placement without permission. He admitted the allegations in the second petition on September 27, 2019 and was released on home supervision. A disposition hearing on the violations was set for November 1, 2019, but appellant failed to appear and the court revoked his non-wardship probation.[2]

A third petition under section 777 was filed on November 7, 2019, alleging appellant had violated probation by disobeying the rules of his placement and testing positive for THC. Appellant admitted the violation on November 15, 2019 and was ordered detained in juvenile hall.

A disposition hearing was held on December 19, 2019. Appellant waived irregularities in the proceedings and the court adopted the probation officer's recommendation. Appellant (now 18 years of age) was ordered released from juvenile hall into the custody of his grandmother, and it was contemplated that he would go live with his father in Oklahoma. Non-wardship probation was reinstated under section 725 and continued until March 1, 2020, when the court anticipated it would terminate "if everything goes well." The court ordered victim restitution to be determined at a later date as to Ariana H. and set it at zero as to Jordan E. Appellant filed a timely notice of appeal.

---

[2] Appellant filed a notice of appeal from this hearing, but that appeal was dismissed as premature because there was not yet any disposition. (See *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1138.)

## II.  *DISCUSSION*

Appointed counsel has filed a *Wende/Anders* brief raising no issues.  Appellant has been advised of his right to file a supplemental brief but has not filed such a brief.  (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

This appeal may be moot because the anticipated expiration date of appellant's section 725 probation (March 1, 2020) has passed.  But even if it is not moot, our review of the record discloses no arguable issues.  Appellant was advised of his constitutional rights before the admissions of his probation violations as well as the penal consequences of those admissions.  He waived irregularities in the proceedings at the hearing on December 19, 2019 and was not declared a ward of the court.  Nor was he placed in custody by the court's December 19, 2019 order.

## III.  *DISPOSITION*

The judgment is affirmed.

4

_____
NEEDHAM, J.

We concur.


_____
SIMONS, Acting P.J.


_____
REARDON, J. *


*In re D.B.* / A159503

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.