Filed 12/7/15  In re J.B. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE J.B., a Person Coming Under the Juvenile Court Law. | H042516 (Monterey County Super. Ct. No. J48295) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>J.B.,<br><br>        Defendant and Appellant. | |

## I.    INTRODUCTION

In this juvenile delinquency proceeding, the minor, J.B., admitted that she drove a vehicle without a license (Veh. Code, § 12500, subd. (a)), and the juvenile court found that she unlawfully drove or took a vehicle (Veh. Code, § 10851, subd. (a)), assaulted a peace officer (Pen. Code, § 245, subd. (c)), and evaded an officer (Veh. Code, § 2800.2, subd. (a)).  The minor was declared a ward of the court and placed in the care, custody, and control of the probation officer.

On appeal, the minor's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that stated the case and facts, but raised no issue.  We

notified the minor of her right to submit written argument on her own behalf within 30 days. The 30-day period elapsed without a response from the minor.

We subsequently requested the parties submit supplemental briefs addressing whether the minor could challenge probation conditions that were ordered at a prior disposition hearing and, if so, whether a knowledge element should be added to certain probation conditions. We conclude the minor is barred from challenging the previously-imposed probation conditions under *In re Shaun R.* (2010) 188 Cal.App.4th 1129 (*Shaun R.*). We will therefore affirm the judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. *Facts Underlying Current Petition*

On April 12, 2015, at approximately 3:30 a.m., Salinas Police Officer Scott Sutton initiated a traffic stop on a Honda Accord, which had temporary license plates and was being driven by the 14-year-old minor. The minor "accelerated away," and Officer Sutton pursued her as she drove at speeds up to 84 miles per hour and failed to stop at stop signs. The pursuit ended when the minor drove the Accord into a police vehicle. The minor and her juvenile passenger were detained, and police found Oxycodone pills in the minor's possession. The minor's mother, who owned the Accord, told police that the minor did not have permission to drive the vehicle that night.

Based on the above incident, the District Attorney filed a Welfare and Institutions Code section 602 petition alleging that the minor unlawfully drove or took a vehicle (count 1; Veh. Code, § 10851, subd. (a)), assaulted a peace officer (count 2; Pen. Code, § 245, subd. (c)), evaded an officer (count 3; Veh. Code, § 2800.2, subd. (a)), and drove a vehicle without a license (count 4; Veh. Code, § 12500, subd. (a)).

---

[1] The facts underlying the allegations are taken from the probation report and the transcript of the contested jurisdictional hearing.

2

### B.    Prior Petition

On January 27, 2015, the minor admitted a Welfare and Institutions Code section 602 petition alleging first degree burglary.  A dispositional hearing as to that petition was held on February 19, 2015.  The juvenile court placed the minor on probation, with deferred entry of judgment (DEJ).  (See Welf. & Inst. Code, § 790 et seq.)  The juvenile court imposed a number of probation conditions, including a condition that provided:  "You are not to have direct or indirect contact with victim [victim's name] or anyone known to you to be a member of the victim's family.  Stay at least 100 yards away from the victim, victim's residence, vehicle, school, and place of employment."

On May 1, 2015, the probation officer filed a probation violation notice alleging the minor had committed four probation violations.  The minor had failed to "obey all laws" by committing a number of criminal offenses during the April 12, 2015 incident.  The minor had also violated probationary terms involving her curfew, association with someone known to be on probation or parole, and possession of prescription medication.

### C.    Proceedings On Current Petition

On June 10, 2015, the minor admitted count 4 (driving without a license) and admitted three of the probation violation allegations (concerning curfew, association with persons on probation or parole, and possession of prescription medication).  The juvenile court then held a contested jurisdictional hearing and probation violation hearing.  The juvenile court sustained counts 1 through 3 of the petition (unlawfully driving or taking a vehicle, assault on a peace officer, and evading a peace officer) and found true the fourth probation violation allegation (that the minor had failed to "obey all laws" by committing a number of criminal offenses during the April 12, 2015 incident).

At a dispositional hearing held on June 24, 2015, the juvenile court declared the minor a ward of the court, ordered her to serve 37 days in juvenile hall with credit for 37 days served, found that removal of the minor from the parent was necessary, and

placed the minor in the care, custody, and control of the probation officer. The juvenile court ordered that the minor's ability to obtain a driver's license be delayed for one year pursuant to Vehicle Code section 13357. The juvenile court further ordered, "All Previous Orders remain in full force and effect, except as modified herein."

### III.   DISCUSSION

In response to our request for supplemental briefing, the minor contends she may challenge the probation conditions imposed at the February 19, 2015 dispositional hearing because the juvenile court's June 24, 2015 order that all previous orders were to remain in full force and effect "revived [the] minor's right to appeal" the prior dispositional order. The minor contends the no-contact and stay-away orders imposed at the February 19, 2015 dispositional hearing are unconstitutionally vague and overbroad because they do not include an explicit knowledge requirement and, thus, that those conditions must be modified.[2]

The Attorney General contends the minor's challenges to the previously-imposed probation conditions "are not preserved." The Attorney General also contends that the probation conditions require no modification.

We determine that the constitutional challenges raised by the minor may not be entertained in this appeal. The minor did not appeal from the February 19, 2015 dispositional order, and that order is now final. (*Shaun R.*, *supra*, 188 Cal.App.4th at pp. 1138-1139; Cal. Rules of Court, rule 8.406(a)(1).) Although the juvenile court thereafter continued in effect all previous orders, as stated in *Shaun R.*, "[w]e do not agree that the routine continuation of a previous order without change revives the right to appeal the merits of a previous order that has become final." (*Shaun R.*, *supra*, at

---

**[2]** The California Supreme Court is considering whether no-contact probation conditions must be modified to explicitly include a knowledge requirement. (*In re A.S.* (2014) 227 Cal.App.4th 400, review granted Sept. 24, 2014, S220280.)

4

p. 1139.)  Thus, the "All Previous Orders" provision of the June 24, 2015 dispositional order did not create a right to appeal the earlier dispositional order, and we do not have jurisdiction to entertain the minor's arguments with regard to the probation conditions contained in that earlier order.  (*Id.* at p. 1141.)

Having carefully reviewed the entire record, we conclude that there are no other arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443; see also *People v. Kelly* (2006) 40 Cal.4th 106.)

## IV.  DISPOSITION

The judgment is affirmed.

5

                                           _____

                                           BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

           ELIA, ACTING P.J.

**Mihara, J., Dissenting.**

      I dissent from the majority's conclusion that appellant is precluded from challenging the no contact and stay-away probation conditions that originated in a February 2015 dispositional order and were incorporated into the court's June 2015 dispositional order by means of its provision that "All Previous Orders remain in full force and effect, except as modified herein." I dissented in *In re Shaun R.* (2010) 188 Cal.App.4th 1129, and I continue to hold that position. In my view, the juvenile court's June 2015 dispositional order incorporated the February 2015 dispositional order's probation conditions into the June 2015 dispositional order. Because these probation conditions thereby became part of the June 2015 dispositional order, appellant may properly challenge the validity of these incorporated probation conditions in this appeal from the June 2015 dispositional order. I would find that the no contact and stay-away probation conditions should be modified to add knowledge requirements in order to render them constitutional.

 

                                  _____

                                  Mihara, J.