Filed 4/13/21  P. v. Thomas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075400 |
| v. | (Super.Ct.No. FSB20001140) |
| TECORA ALLENE THOMAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Affirmed in part; reversed in part with directions.

Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

**FACTUAL AND PROCEDURAL HISTORY**

A.     PROCEDURAL HISTORY

On April 7, 2020, a felony complaint charged defendant and appellant Tecora Allene Thomas with assault with a deadly weapon under Penal Code[1] section 245, subdivision (a) (1) (count 1), and corporal injury to a cohabitant under section 273.5, subdivision (a) (count 2).  The complaint also alleged that defendant had a prior strike conviction under sections 1170.12, subdivision (a) through (d), and 667, subdivision (b) through (i).

On April 22, 2020, pursuant to a plea agreement, defendant pled no contest to count 2.  On July 20, 2020, the court sentenced defendant to felony probation for three years and 270 days in jail.  At the request of the victim and with no objection from the parties, the court ordered defendant to have "no negative contact" with the victim.

On July 23, 2020, defendant filed a timely notice of appeal.

B.     FACTUAL HISTORY[2]

On April 4, 2020, police were dispatched to defendant's home for a "domestic dispute with injuries."  Upon arrival, the police contacted the victim, defendant's boyfriend and the father of their children.  Police observed a stab wound on the victim's right leg.  The victim stated that earlier in the evening, he and defendant argued.  The

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] The parties stipulated that the police report would serve as a factual basis for defendant's plea.  The facts are taken from the probation officer's report, which summarized the police report.

argument escalated.  Defendant became irate, belittled the victim about being a bad father, and began to hit the victim with her cell phone.  When the victim tried to defend himself, defendant picked up a piece of glass and started "poking" the victim's leg with the glass.  The glass punctured the victim's leg.  Moreover, defendant repeatedly threatened to kill the victim.  The victim called the police.  When the officers arrived, they arrested defendant without incident.

**DISCUSSION**

A.      <u>THE "NO NEGATIVE CONTACT" PROBATION CONDITION IS UNCONSTITUTIONALLY VAGUE</u>

Defendant contends that the probation condition prohibiting defendant from having "no negative contact" with the victim is unconstitutionally vague.  She requests that the matter be remanded so the trial court can either strike or more closely define the definition of "no negative contact."  The People agree with defendant that "the condition requires clarification."

In this case, at the change of plea hearing in April of 2020, the trial court informed defendant that a criminal protective order would be issued ordering defendant to "have no contact with" the victim.  Defendant asked how that order would function because she and the victim have three children together and she needed to coordinate with the victim to get custody of the children.  The court modified the term to allow "peaceful contact [] for the purpose of visitation and exchange of children."  Otherwise, defendant was to have no personal contact with the victim, including over email or telephone or through a

3

third party.  Moreover, defendant was ordered to stay 100 yards away from the victim.

Defendant agreed to the term.

A few months later at the sentencing hearing on July 20, 2020, defense counsel asked that the "no contact" condition on the restraining order be modified to reflect a "no negative contact" condition.  The victim explained that he and defendant had reconciled, and stated:  "I want to get the protection order dropped.  We do got kids together.  We are going to try to work it out to bring our family back together."  The People did not object.

The trial court granted the request and stated that there "will be a no negative contact order with the victim in this case."  The court then modified the probation terms to indicate "no neg" contact with the victim.  Defendant challenges the "no negative contact" probation condition as unconstitutionally vague.

Generally, we review a trial court's imposition of probation conditions for abuse of discretion.  (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)  But where, as here, a defendant challenges a probation condition on constitutional grounds, we review its constitutionality de novo.  (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)  "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' "  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)  "The vagueness doctrine ' "bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' " [Citation.]' [Citation.]  A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective

4

basis, with the attendant dangers of arbitrary and discriminatory application." ' " (*Ibid.*) Thus, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*) Where a term or condition of probation is unconstitutionally vague, a reviewing court has the power to modify it to render it constitutional. (*Id.* at p. 892.)

Here, the People agree with defendant that the "no negative contact" language "mirrors language commonly found in protective orders but it is not sufficiently precise. Protective orders are similar to stay-away orders, but are not as restrictive because they allow the victim and the defendant to have peaceful contact." Although standard no negative contact provisions usually inform the defendant of specified types of behavior that would trigger a violation, no such provisions were provided in this case. "For example, a standard no negative contact provision states that a defendant 'shall have no negative direct or indirect contact with the protected person, which includes not harassing, annoying, molesting, threatening, injuring, intimidating, attacking, battering, assaulting, stalking, destroying the personal property of, unlawfully taking the personal property of, disturbing the peace of, or blocking the movements of the protected person or their family members. (See e.g., § 136.2, subd. (g)(i).)"

Based on the above, we agree with the parties that the "no negative contact" probation condition is unconstitutionally vague and should be modified to include language similar to the standard provision provided above.

B.     THE PRIOR STRIKE ALLEGATION AND COUNT 1 SHOULD BE

DISMISSED PURSUANT TO THE PLEA AGREEMENT

Defendant contends that count 1 and the prior strike allegation should have been dismissed pursuant to the plea agreement.  The People concede.

"When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement. . . .  [¶]  ' "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." ' "  (*People v. Walker* (1991) 54 Cal.3rd 1013, 1024.)

In this case, prior to taking defendant's plea, the court provided its understanding of the plea agreement—that defendant was "entering a no contest plea to violation of Penal Code Section 273.5, corporal injury to a cohabitant as a felony."  Thereafter, defendant pled guilty to the less serious count of corporal injury to a cohabitant under section 273.5, subdivision (a) (count 2), without the prior strike.  The parties agreed that defendant would receive probation.  Although the plea agreement did not specify the dismissal of the more serious charge of assault with a deadly weapon under section 245, subdivision (a)(1) (count 1) and of the alleged prior strike, both defendant and the People agree that the dismissal was implied in the plea agreement.

As the People note, "[i]t is apparent from the record that the trial court's failure to dismiss count 1 and the strike allegation was inadvertent.  The court accepted [defendant]'s no contest plea to count 2 and otherwise sentenced her in accordance with

6

the plea agreement. Thus, the reasonable expectations of the parties and the trial court will be implemented by dismissal of the balance of the charges." We agree with the parties and will direct the trial court to dismiss count 1 and the prior strike allegation.

## DISPOSITION

The case is remanded to the trial court. On remand, the trial court is directed to (1) modify the "no negative contact" probation condition; and (2) dismiss count 1 and the prior strike allegation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

SLOUGH
J.

RAPHAEL
J.

7