Filed 10/8/21  In re V.C. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re V.C., a Person Coming Under the Juvenile Court Law. | H047923 (Santa Clara County Super. Ct. Nos. 15JV41198B) |
| THE PEOPLE, Plaintiff and Respondent, v. V.C., Defendant and Appellant. | |

Appellant V.C. challenges a condition of supervision imposed by the juvenile court at his reentry disposition hearing following his commitment to the Department of Corrections, Division of Juvenile Justice (DJJ).  Specifically, V.C. challenges as void for vagueness the condition that he obey the reasonable and proper directives of his parents while he lives with them.  For the reasons set out below, we reject V.C.'s contention and affirm the juvenile court's February 25, 2020 order.

## I. FACTS AND PROCEDURAL BACKGROUND

Neither the charging document nor the facts underlying V.C.'s crimes appear in the record on appeal. On June 12, 2017, V.C. admitted violations of commission of a lewd act on a child under the age of 14 by force (Pen. Code, § 288, subd. (b)(1)[1]; count 1), commission of a lewd act on a child under the age of 14 (§ 288, subd. (a); count 3), and first degree burglary (§§ 459, 460, subd. (a); count 4). The juvenile court found V.C. came within Welfare and Institutions Code section 602.

On July 18, 2017, the juvenile court declared V.C. a ward of the court and committed him to DJJ for a maximum period of two years, 11 months. (See Welf. & Inst. Code, § 731, subd. (c).) Among the conditions imposed by the juvenile court was that V.C. "obey the reasonable and proper directives of his parents." V.C. began his DJJ commitment on October 3, 2017.

On February 25, 2020, the juvenile court conducted a reentry disposition hearing to determine the conditions under which V.C. would be supervised by the probation department following his DJJ commitment. (See Welf. & Inst. Code, § 1766.) V.C. was then 22 years old. V.C.'s parents and brother attended the hearing.

Upon his release from DJJ, V.C. was going to live with his parents. In the report prepared by the probation department in anticipation of V.C.'s reentry disposition hearing, the probation officer noted that the department had conducted a home visit. The report suggested a number of conditions of supervision, including the condition contained in the prior disposition report that V.C. should obey the reasonable and proper directives of his parents.

V.C.'s counsel objected to this condition.[2] She asserted that it should not apply because V.C. was 22 years old and would be supervised by probation until he was 25.

---

[1] Unspecified statutory references are to the Penal Code.
[2] V.C.'s counsel also objected to a number of other conditions that are not at issue on appeal.

V.C.'s counsel asserted that it would be appropriate for the juvenile court to order that V.C. obey all laws and follow the directives of his probation officer but not that he be required to follow those of his parents.

The juvenile court asked V.C.'s family members for their views on the suggested condition. The court indicated that it wanted to make sure there was a smooth transition for V.C. between his commitment at DJJ and living with his family. V.C.'s older brother, who was then 27 years old and was "in and out" of the house, indicated that he thought it was a good idea that V.C. be required to obey his father's rules. The court asked V.C.'s counsel whether she would object if the condition were modified to apply only when V.C. lived at home. Counsel indicated she would continue to object because she did not believe the condition was lawful in light of V.C.'s age.

The juvenile court decided to impose the condition with a modification. The court stated that V.C. "can move out whenever he wants, he just has to tell the Probation Department when he moves out, but while he lives with [his parents] I want him to be open to following the house rules so that the home continues to be harmonious." Among the conditions of supervision the juvenile court imposed was that V.C. " 'obey the reasonable and proper directive[s] of his parents as long as he lives with them.' "

The juvenile court terminated jurisdiction of DJJ, continued V.C. as a ward of the court, and ordered that he be placed under the care, custody, control, and supervision of the Santa Clara County Probation Department.

## II. DISCUSSION

V.C. contends on appeal that the condition that he obey his parents' directives is unconstitutionally vague both because it does not give V.C. adequate notice about the conduct forbidden by the condition and because it affords the juvenile court insufficient information to determine whether V.C. has violated the condition.

V.C. further argues the condition is unconstitutionally vague because it gives his parents discretion to set rules that have not otherwise been ordered by the juvenile

3

court—for example, that he comply with a particular curfew or not associate with certain individuals.  V.C. asserts that he and other "objective observers" may find these conditions unreasonable or violative of his First Amendment right to association.  V.C. requests that this court strike the condition because in his view there is no way to modify the condition to render it sufficiently precise to pass constitutional muster.

The Attorney General asserts the juvenile court did not err in imposing the condition.  He notes that V.C. has cited no legal authority invalidating a similar condition and observes that the meaning of the condition—that V.C. abide by his parents' rules while he lives with them—is clear.

"[O]nce a youth completes his commitment at DJJ, he is released to the juvenile court for supervision while on probation."  (*In re J.S.* (2015) 237 Cal.App.4th 452, 458.) Whether a probation condition is unconstitutionally vague or overbroad is a question of law, which we review de novo.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 888 (*Sheena K.*); *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)  Neither V.C. nor the Attorney General argues that we should review the conditions of probation following a DJJ commitment using standards different from those we apply to juveniles placed on probation in other contexts.  We therefore apply the standards ordinarily applicable to appellate review of juvenile probation conditions.

"The juvenile court has wide discretion to select appropriate conditions and may impose ' "any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " ' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.)  "In distinguishing between the permissible exercise of discretion in probationary sentencing by the juvenile court and that allowed in 'adult' court, [our Supreme Court has] advised that, '[a]lthough the goal of both types of probation is the rehabilitation of the offender, "[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment. . . .  [¶]  In light of this difference, a condition of probation that would be unconstitutional or otherwise improper

4

for an adult probationer may be permissible for a minor under the supervision of the juvenile court. . . . [¶] . . . [N]o choice is given to the youthful offender [to accept probation]. By contrast, an adult offender "has the right to refuse probation, for its conditions may appear to defendant more onerous than the sentence which might be imposed." ' " (*Ibid*.)

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Sheena K*., *supra*, 40 Cal.4th at p. 890.)

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*Sheena K*., *supra*, 40 Cal.4th at p. 890.) "The vagueness doctrine ' "bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that [people] of common intelligence must necessarily guess at its meaning and differ as to its application.' " ' " (*Ibid.*) In conducting our independent review of the challenged conditions, we are "guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' " (*Ibid*.)

We do not agree the condition is vague. It is specific about what V.C. must do while living in his parents' home. As a reasonable person would understand the meaning of the condition, we conclude it is not void for vagueness. To the extent that V.C. contends that the condition allows his parents to effectively impose new conditions of probation for which his supervising probation officer might find him in violation of the terms of his supervision, we must presume that a probation officer will reasonably exercise the discretion afforded him or her by a probation condition and will not arbitrarily restrict a probationer's freedoms in a manner not tailored to rehabilitative or safety purposes. (See *People v. Olguin* (2008) 45 Cal.4th 375, 383.) V.C. cites no authority for the proposition that the condition, as worded, infringes on his associational

5

rights, and the concerns he raises citing hypothetical scenarios are beyond the scope of his facial challenge.  (*Ibid.*)

## III.  DISPOSITION

The February 25, 2020 order is affirmed.

_____

Danner, J.

WE CONCUR:


_____

Greenwood, P.J.


_____

Grover, J.

**H047923**
*People v. V.C.*

7