Filed 4/30/25  In re Francisco A. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re FRANCISCO A., a Person Coming Under the Juvenile Court Law. | D083563 |
| THE PEOPLE, Plaintiff and Respondent, v. FRANCISCO A., Defendant and Appellant. | (Super. Ct. No. JCM244080) |


APPEAL from a judgment of the Superior Court of San Diego County, Tilisha Martin, Judge.  Affirmed.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Liz Olukoya, Deputy Attorneys General, for Plaintiff and Respondent.

Francisco A. challenges the constitutionality of a probation condition that requires him to submit his electronic devices to a search. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

## I.

Francisco, a gang member, shot and killed Damien Estrada, a rival gang member. After shooting Estrada, Francisco called a member of his gang to pick him up. The fellow gang member drove Francisco to his house.

The juvenile court found Francisco, a minor, in violation of possession of a concealable firearm (Pen. Code, § 29610; count 1), possession of live ammunition (§ 29650; count 2), battery on a peace officer (§ 243(b); count 3), and murder (§ 187(a); count 4), and found true a gun enhancement (§ 12022.53(d)). The court declared Francisco a ward of the state and sentenced him to seven years in a youth treatment facility, with a maximum term of confinement of one year and eight months plus 50 years to life.

As one of the probation conditions, the court imposed—without objection—a Fourth Amendment waiver "extending" to Francisco's "electronic devices." In imposing this condition, the court found a "nexus" based on Francisco's "call for assistance once the incident occurred where [Estrada's] life was lost."

## II.

Francisco claims the electronic search condition is facially, unconstitutionally overbroad. The People counter Francisco's claim is an as-applied challenge he forfeited by failing to object below. We agree with the People.

We review this constitutional challenge de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

Challenges to probation conditions ordinarily must be raised in the trial court to avoid forfeiture on appeal.  (*People v. Welch* (1993) 5 Cal.4th 228, 234-235.)  An as-applied challenge, which depends on the condition's constitutionality as applied to the probationer, is forfeited unless previously raised.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.)  But a facial challenge, which presents a pure question of law, can be raised for the first time on appeal.  (*Id.* at pp. 885, 889.)  In a facial challenge, "[t]he claim is that a condition cannot have *any* valid application, without relying on any facts in the sentencing record."  (*People v. Patton* (2019) 41 Cal.App.5th 934, 946.)

Here, Francisco asserts an as-applied challenge, yet by not objecting in the trial court, he did not preserve it for appeal.  Francisco argues the electronic search condition "is facially overbroad" and should be narrowed to sources of electronic information reasonably likely to yield evidence of criminal activity or probation noncompliance.  The facial challenge label Francisco applies to avoid forfeiture, however, does not stand up to scrutiny.  Electronic search conditions are not categorically invalid and may have valid applications in some cases.  (*In re Ricardo P.*, 7 Cal.5th 1113, 1128-1129.)  Francisco admits as much in his reply when conceding the electronic search is not "facially overbroad per se."  Rather, Francisco's position "is that the wording of the electronics search condition *here* is 'too broad to survive scrutiny'" because it is not limited to electronic data of gang-related activity or weapon possession.  (Italics added.)  But that argument does not present a true facial challenge because it requires us to review the record to determine if the condition is overbroad *as applied to him*.  (*Patton*, 41 Cal.App.5th at pp. 946-947.)  By not objecting below, Francisco forfeited this as-applied challenge.  (*Sheena K.*, 40 Cal.4th at p. 889.)  Accordingly, we affirm the probation condition.

### III.

We affirm the juvenile court's imposed electronic search condition.

CASTILLO, J.

WE CONCUR:

DO, Acting P. J.

RUBIN, J.