Filed 4/29/21  P. v. Spinardi CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOHN ROBERT SPINARDI,<br><br>        Defendant and Appellant. | A160207<br><br>(Mendocino County<br>Super. Ct. No. SCUK-CRCR-20-34001) |

Defendant pled no contest to attempted vehicle theft with a prior and misdemeanor petty theft.  The trial court imposed an 18-month split sentence, half to be served in jail and the other half on mandatory supervision.  As a condition of mandatory supervision, the court ordered defendant to cooperate with evidence-based practices "including but not limited to: Geo Reentry Services, workbooks, journals, GPS monitoring."  The court also ordered defendant to pay a $50 fee for payment of fines and penalty assessments in installments (installment fee) pursuant to Penal Code[1] section 1205, and imposed a monthly supervision fee and a fee for each supplemental report prepared after a violation of mandatory supervision.  Defendant contends the evidence-based practices condition was

_____

[1] All statutory references are to the Penal Code unless otherwise indicated.

unconstitutionally vague, the $50 installment fee was unauthorized, and the court failed to state the statutory bases for imposition of the supervision and supplemental report fees.

We agree that the evidence-based practices condition, as currently worded, is vague, and accordingly, modify the condition. Additionally, we strike the $50 installment payment fee because the restitution fines imposed by the court are not subject to assessments covered by section 1205. We modify the mandatory supervision order to reflect section 1203.1b as the statutory basis for the supervision and supplemental report fees. In all other respects, the judgment is affirmed.

## I. BACKGROUND[2]

Defendant was charged in a complaint with attempted vehicle theft, a felony (§ 664, Veh. Code, § 10851, subd. (a); count one), petty theft, a misdemeanor (§ 484, subd. (a); count two), and possession of methamphetamine, a misdemeanor (Health & Saf. Code, § 11377, subd. (a); count three).

The prosecution later amended the complaint to add a fourth count, attempted vehicle theft with a prior (§§ 664, 666.5). Pursuant to a plea agreement for an 18-month split sentence, half to be served in jail and the other half on mandatory supervision, defendant pled no contest to attempted vehicle theft with a prior (count four) and petty theft (count two). The court granted the prosecution's motion to dismiss the remaining counts.

The parties and the court subsequently agreed they needed to amend count four, attempted vehicle theft with a prior, to include a reference to Vehicle Code section 10851, the substantive offense of vehicle theft. To resolve the issue, the court modified defendant's plea form to change count

---

[2] The underlying facts are irrelevant to the issues raised in this appeal.

2

four to Penal Code section 664/Vehicle Code section 10851/Penal Code section 666.5, attempted vehicle theft with a prior felony for the same. After being advised of his rights and waiving them, defendant pleaded no contest to that count as amended.

At the same hearing, the court imposed the agreed-upon 18-month split sentence for attempted vehicle theft with a prior—nine months in jail and nine months' execution of sentence suspended with the term to be served on mandatory supervision—and six months for petty theft to be served concurrently. The court further imposed several conditions of mandatory supervision, including No. 45 on the mandatory supervision order, which, as more fully explained below, required defendant to cooperate with "evidence based practices" as directed by his probation officer. Defendant was ordered to pay a $600 restitution fine (§ 1202.4) and the court imposed but stayed a mandatory supervision revocation restitution fine in the same amount (§ 1202.45). The court also ordered defendant to pay, among other fines and fees, a $92-per-month supervision fee, a $237 fee for each supplemental report prepared after a violation of mandatory supervision, and a $50 fee for the payment of fines and penalty assessments in installments.

The trial court granted defendant's request for a certificate of probable cause.

## II. DISCUSSION

### A. *Mandatory Supervision Condition No. 45*

At sentencing the trial court imposed conditions of mandatory supervision including, without objection, condition No. 45: "You shall cooperate fully with evidence based practices as directed by your Probation Officer, (including but not limited to: Geo Reentry Services, workbooks,

3

journals, GPS monitoring) and remain working constructively within that program until completion or agreed upon timeframe."

Section 17.5, subdivision (a)(9) defines " 'Evidence-based practices' " as "supervision policies, procedures, programs, and practices demonstrated by scientific research to reduce recidivism among individuals under probation, parole, or post release supervision."

Defendant contends mandatory supervision condition No. 45 should be modified because the phrase " 'including but not limited to:' renders the condition unconstitutionally vague." Specifically, he argues this condition is not "sufficiently precise" because the phrase "including but not limited to" indicates this list of evidence-based practices from which defendant's probation officer may choose is only a partial one. In other words, defendant is left to guess what other evidence-based practices his probation officer might require. He requests we strike that phrase thereby limiting the required evidence-based practices to those presently designated in condition No. 45.

### 1. *Forfeiture*

Respondent maintains we need not reach the merits because defendant forfeited his vagueness claim in the trial court since he objected to the other mandatory supervision conditions but not to condition No. 45, and the vagueness claim does not present a pure question of law that can be resolved without reference to the record to determine the parties' understanding of condition No. 45. We disagree with respondent on both counts.

A defendant may raise for the first time on appeal a facial constitutional defect in a probation condition which claim involves " ' "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*In re Sheena K.* (2007)

4

40 Cal.4th 875, 889 (*Sheena K.*).)  A facial constitutional challenge to the "phrasing or language of a probation condition . . . does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts—a task that is well suited to the role of an appellate court." (*Id.* at p. 885.)  Particularly, in *Sheena K.*, our Supreme Court held a constitutional challenge to a probation condition based on vagueness or overbreadth may be reviewed on appeal if it presents an error that is a "pure question of law, easily remediable on appeal by modification of the condition." (*Id.* at p. 888.)

In contrast, a constitutional defect that is "correctable only by examining factual findings in the record or remanding to the trial court for further findings" is subject to forfeiture if the claim was not raised in the trial court.  (*Sheena K.*, *supra*, 40 Cal.4th at p. 887.)  Stated another way, not " 'all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*Id.* at p. 889.)

Such is not the case here.  First, respondent fails to adequately explain why defendant's objections to several supervision conditions and seeking clarification on other conditions except him from the established rule that forfeiture does not apply when a defendant claims a condition is unconstitutionally vague on its face.  Moreover, the fact defendant objected to and sought clarification regarding several other conditions has no relevance to his facial challenge to condition No. 45.  Nor does respondent cite to any case in which such an exception has been applied in similar circumstances.  Second, respondent fails to explain why condition No. 45 "cannot be considered in isolation without reference to the sentencing record."  Indeed,

respondent has not directed us to, and we have not found, any specific portions of the sentencing record requiring us to engage in a factual evaluation of the vagueness challenge to condition No. 45.

In short, defendant did not forfeit his claim alleging mandatory supervision condition No. 45 was unconstitutionally vague by not objecting to the reasonableness of the condition at the sentencing hearing. Defendant's constitutional claim presents a pure question of law without needed reference to the sentencing record and is properly resolved on appeal.

### 2. *Mandatory Supervision Condition No. 45 is Unconstitutionally Vague*

The underpinning of a vagueness challenge is the due process concept of "fair warning." (*People v. Castenada* (2000) 23 Cal.4th 743, 751.) The rule of fair warning consists of "the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders." (*Ibid*.) The vagueness doctrine bars enforcement of " 'a statute which either forbids or requires the doing of an act in terms so vague that men [and women] of common intelligence must necessarily guess at its meaning and differ as to its application.' " (*People ex. Rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1115.)

We review constitutional challenges to probation conditions de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

Respondent concedes that if defendant, as we have found, did not forfeit his vagueness challenge to condition No. 45, this condition should be "clarified."

We begin by agreeing with defendant and respondent that this condition needs to be modified because the "included but not limited to" designation of evidence-based practices does not place a limit on the type of programming with which defendant may be required to cooperate. As noted,

6

the sentencing record does not clarify the condition. This lack of clarification is not surprising because the parties were focused primarily on the possibility defendant might resume using narcotics. The court was concerned defendant's alcohol and drug use were linked. As a result, the court imposed a total alcohol abstention clause and prohibited defendant from using marijuana without medical authorization. It is thus unclear what other kinds of evidence-based practices, given the concern about defendant's abuse of alcohol and drugs, the probation department will mandate in addition to those mentioned in condition No. 45.

Because the condition in its present form could be interpreted to require defendant to participate in other unspecified, evidence-based practices, it does not provide defendant fair warning of what is required of him. He thus asks us, with the concurrence of respondent, to eliminate the phrase "including but not limited to." Defendant suggests mandatory supervision condition No. 45 be modified to state: " 'You shall cooperate fully with evidence based practices as directed by your Probation Officer, (Geo Reentry Services, workbooks, journals, GPS monitoring) and remain working constructively within that program until completion or agreed upon timeframe.' "

While we agree with defendant's suggestion of deleting "including but not limited to," from condition No. 45, we also see no logical reason for including the very broad and vague term of "evidence based practices." We shall therefore modify condition No. 45 as follows: "As directed by your probation officer, you shall cooperate fully in Geo Reentry Services, workbooks, journals, GPS monitoring, and remain working constructively within that program until completion or agreed-upon timeframe." As worded,

7

there should be no confusion as to which evidence-based practices defendant is subject.

## B.  *The $50 Installment Payment Fee*

The trial court imposed a restitution fine of $600 (§ 1202.4) and imposed and stayed a mandatory supervision revocation restitution fine (§ 1202.45, subds. (b) & (c)).  The supervision order also stated, "Although not a condition of Mandatory Supervision, if the fines and penalty assessments specified in this Order are paid in installments, you shall pay a $50.00 installment payment fee pursuant to Section 1205."  The court, however, did not order defendant to pay fines in installments.

Defendant claims the $50 installment payment fee was unauthorized and should be stricken because he was "not subject to a fine or penalty assessment covered by section 1205."  As discussed further, we agree.

Several subdivisions of section 1205 address the payment of fines.  We begin our discussion with a review of the subdivisions pertinent to the issue of whether defendant is required to pay the court-ordered $50 installment fee.

Section 1205, subdivision (e) provides in part:  "The defendant shall pay . . . a fee for the processing of installment accounts.  This fee shall equal the administrative and clerical costs, as determined by the board of supervisors, or by the court, depending on which entity administers the account."  The subdivision further provides that if the fee is not paid in installments, the defendant shall pay a fee "for the processing of the accounts receivable," not to exceed $30.  (§ 1205, subd. (e).)

Subdivision (c) of section 1205 provides:  "This section applies to any violation of any of the codes or statutes of this state punishable by a fine or by a fine and imprisonment."  Reading subdivision (c) in conjunction with

8

subdivision (e), respondent asserts defendant was required to pay a $30 fee for the processing of his accounts receivable because the court did not order him to make installment payments.

However, section 1205, subdivision (f) states, "This section shall not apply to restitution fines and restitution orders."

We have found no published cases interpreting these three subdivisions. Hence, we must conduct a statutory construction of these provisions. "As with any statutory construction inquiry, we must look first to the language of the statute. 'To determine legislative intent, a court begins with the words of the statute, because they generally provide the most reliable indicator of legislative intent.' [Citation.] If it is clear and unambiguous our inquiry ends. There is no need for judicial construction and a court may not indulge in it. [Citation.] 'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.' " (*Diamond Multimedia Systems, Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1047.) "The fundamental task of statutory construction is to 'ascertain the intent of the lawmakers so as to effectuate the purpose of the law.' " (*People v. Cruz* (1996) 13 Cal.4th 764, 774–775.)

Under the plain language of the statute, defendant appears to be correct. Subdivision (f) of section 1205 provides an exception to subdivision (c)'s application of section 1205 to "any of the codes and statutes of this state punishable by a fine . . . ." (§ 1205, subd. (c).) Accordingly, section 1205, subdivision (e) applies only in cases involving the imposition of fines *other than restitution fines*. Here, the only fines imposed on defendant were restitution fines which were not subject to the subdivision (e) administrative or installment fees. Simply put, the restitution fines are

9

excluded from section 1205, which expressly states that it "shall not apply to restitution fines and restitution orders." (§ 1205, subd. (f).)

Since defendant was not subject to a fine covered by section 1205, the $50 installment fee was unauthorized. Although defendant did not raise this issue in the trial court, an unauthorized fee is not subject to forfeiture and can be corrected at any time. (*People v. Soto* (2016) 245 Cal.App.4th 1219, 1233; *People v. Scott* (1994) 9 Cal.4th 331, 354.) We shall modify the judgment accordingly.

## C. *Failure of the Court to Specify the Statutory Bases for Supervision and Supplemental Report Fees*

In the mandatory supervision printed order, defendant was assessed a $92-per-month supervision fee and a $237 fee for each supplemental report prepared after a violation of mandatory supervision. Neither the abstract of judgment nor the supervision order, however, specifies the statutory bases for those fees. Nor did the trial court specify the statutory bases for the fees.

Because the failure to specify the statutory bases for the fees imposed constituted error (*People v. Hartley* (2016) 248 Cal.App.4th 620, 636), defendant asks this court to remand to the trial court for it to specify the statutory bases for the monthly supervision fee and the supplemental report fee. Respondent argues remand is unnecessary because the statutory basis for ordering the fees was section 1203.1b, and hence, we can correct the record without sending the case back to the trial court.

We conclude remand is not required. As explained in *People v. Mitchell* (2001) 26 Cal.4th 181, " 'A court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.] . . . The court may correct such errors on its own motion or upon the application of the parties.' [Citation.] Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction

of cases have ordered correction of abstracts of judgments that did not accurately reflect the oral judgments of sentencing courts." (*Id*. at p. 185.)

Section 1203.1b provides the statutory basis for imposition of the supervision fee and the fee for each supplemental report prepared after a violation of the supervision terms, because it authorizes the costs "in any case in which a defendant . . . receives a term of mandatory supervision." (§ 1203.1b, subd. (a).) Here, defendant was sentenced to a split sentence, half to be served on mandatory supervision. Accordingly, pursuant to section 1203.1b, we modify the abstract of judgment and supervision order to reflect a $92-per-month supervision fee and a $237 fee for each supplemental report prepared after a violation of probation.

### III.  DISPOSITION

The judgment is affirmed as modified. The trial court is directed to modify mandatory supervision condition No. 45 to state: "As directed by your probation officer, you shall cooperate fully in Geo Reentry Services, workbooks, journals, GPS monitoring, and remain working constructively within that program until completion or agreed-upon timeframe." The trial court is further directed to delete from the mandatory supervision order the $50 installment payment fee. Finally, we modify the abstract of judgment and mandatory supervision order to reflect section 1203.1b as the statutory basis for imposition of the supervision fee and the fee for each supplemental report prepared after a violation of probation.

11

MARGULIES, ACTING P. J.

WE CONCUR:


BANKE, J.


SANCHEZ, J.


A160207
*People v. Spinardi*